MILTON GADDY, EMPLOYEE v. C. J. KERN, CONTRACTOR, EMPLOYER;
AETNA CASUALTY AND SURETY COMPANY, CARRIER

No. 7614IC764

(Filed 6 April 1977)

1. **Master and Servant § 77— workmen's compensation — change of condition**

    A change of condition refers to a substantial change, after a final award of compensation, of the injured employee's physical capacity to earn and in some cases of his earnings.

2. **Master and Servant §§ 56, 77— workmen's compensation — change of condition — symptoms unrelated to injury**

    In a hearing before the Industrial Commission on plaintiff's claim of a change in his condition, medical testimony revealed that plaintiff was suffering at that time from the same headaches and other symptoms which he exhibited soon after his injury and which, according to testimony in an earlier hearing, were unrelated to his injury.

APPEAL by plaintiff from Industrial Commission. Order of full Commission entered 22 June 1976. Heard in the Court of Appeals 17 February 1977.

On 2 September 1970, Milton Gaddy, plaintiff herein, sustained an injury to his left wrist and hand in an accident which arose out of and in the course of his employment as a cement finisher for defendant Kern. After two surgical operations on his wrist, plaintiff began suffering from severe headaches. Kern admitted liability and paid plaintiff temporary total disability compensation.

A hearing on the matter was held on 25 January 1972 before Stephenson, Commissioner, at which time plaintiff presented evidence of his disabling injuries, including the headaches. On 17 February 1972, an order was entered which found that plaintiff's headaches were unrelated to his accident and that he " . . . has a 20% permanent partial disability to his left hand resulting from his injury." The order then awarded plaintiff a sum representing a 20% partial disability. Plaintiff appealed from the failure of the order to award any permanent partial disability benefits due to the headaches, but the order was affirmed by the full Commission and by this Court. *Gaddy v. Kern*, 17 N.C. App. 680, 195 S.E. 2d 141, *cert. denied*, 283 N.C. 585, 197 S.E. 2d 873 (1973).

The Governor's Office subsequently received a letter from plaintiff apparently stating that his compensation benefits had ceased and asking for help. The letter was referred by the Governor's Office to the Chairman of the Industrial Commission and received on 13 June 1973.

On 5 December 1974, plaintiff's counsel wrote the Industrial Commission requesting a new hearing due to a change in plaintiff's condition. On 11 June 1975, a review hearing was held at which time defendants moved for a dismissal on the grounds that review was barred by G.S. 97-47. The hearing commissioner reserved ruling on the motion to dismiss and proceeded with the hearing. After receiving evidence, the hearing commissioner filed an order on 1 August 1975 denying defendants' motion to dismiss and finding that plaintiff had no change in condition since the original hearing and award. Plaintiff appealed from this second order to the full Commission, which ordered that plaintiff submit to further medical examination by certain specified physicians ". . . for the purpose of determining the causal relationship between plaintiff's injury by accident, and his chronic headache condition, if any such relationship exists."

On 4 May 1976, a third hearing was held on the matter. Dr. Joseph B. Parker, Jr., a psychiatrist, testified, *inter alia,* that he examined plaintiff on 25 March 1976; that based on this examination, plaintiff suffered from headaches, tension, and sleeplessness; that these symptoms were essentially the same as those he exhibited soon after his surgery, but that there had been a progression in the severity of the symptoms; that in his opinion, plaintiff's injury caused these symptoms and left plaintiff totally disabled. Dr. Michael Hamilton, a specialist in internal medicine, testified, *inter alia,* that he had treated plaintiff over a period of several years; that plaintiff was suffering from some of the same symptoms throughout the period; that there had been a "progression in degree of severity" of these symptoms; and that this progression constituted a material change in plaintiff's emotional condition.

The case was referred to the full Commission which on 22 June 1976 adopted as its own the opinion and award of 1 August 1975 which denied defendants' motion to dismiss and found no change of condition. Plaintiff appeals from the Commission's order of 22 June 1976.

---

Gaddy v. Kern

---

*Pearson, Malone, Johnson, DeJarmon and Spaulding, by T. Mdodana Ringer, Jr., and W. G. Pearson II, for plaintiff appellant.*

*Spears, Barnes, Baker & Boles, by Alexander H. Barnes, for defendant appellees.*

MORRIS, Judge.

Appellant assigns as error the findings and conclusions of the Industrial Commission that he had shown no change of condition which would justify an award for permanent total disability. Plaintiff alleges no change of condition with respect to his left wrist or hand. Therefore, we must examine the evidence in the record in terms of plaintiff's other allegedly disabling condition, i.e., his headaches.

[1]   A change of condition ". . . refers to a substantial change, after a final award of compensation, or the injured employee's *physical capacity to earn* and in some cases, of his earnings." *Swaney v. Construction Co.,* 5 N.C. App. 520, 526, 169 S.E. 2d 90, 94-95 (1969). (Emphasis supplied.) In the initial order of 17 February 1972, Commissioner Stephenson found as a fact that plaintiff's headaches were unrelated to his injury and concluded that he was entitled to a 20% permanent partial disability for the partial loss of use of his left hand. This order was adopted by the full Commission and affirmed by this Court. *Gaddy v. Kern, supra.* At subsequent hearings, however, plaintiff introduced testimony which tended to show that plaintiff is unable to work.

[2]   Even assuming, *arguendo,* that plaintiff has shown a substantial change in his physical capacity to earn which constitutes a change of condition under G.S. 97-47, he has not sufficiently shown that the headaches were caused by the injury to his left hand. In the final hearing of 4 May 1976, Drs. Parker and Hamilton testified that there was a relationship between plaintiff's injury and headaches. However, Dr. Parker also stated that plaintiff is suffering from "essentially the same group of symptoms" as he had immediately after his initial surgery. Dr. Hamilton testified that plaintiff exhibits the same symptoms as he did several years earlier but that "there has been a change for the worse in those symptoms. . . . a progression in degree of severity . . ." Thus, the medical testimony reveals that plaintiff is presently suffering from the *same headaches* and other

symptoms which he exhibited soon after the injury and which, according to previous medical testimony, were unrelated to his injury. A change of condition ". . . must be actual, and not a mere change of opinion with respect to a pre-existing condition." *Pratt v. Upholstery Co.*, 252 N.C. 716, 722, 115 S.E. 2d 27, 33 (1960). Moreover, plaintiff's more recent evidence served only to produce a conflict as to the cause of plaintiff's headaches. "Where the evidence before the Commission is contradictory, the findings of fact by the Commission, which are nonjurisdictional, are conclusive on appeal to the Court of Appeals." *Priddy v. Cab Co.*, 9 N.C. App. 291, 298, 176 S.E. 2d 26, 30 (1970).

Defendants have cross-assigned as error the failure of the full Commission to dismiss the review of plaintiff's condition. They contend that plaintiff failed properly to apply to the Commission for such review within the time limits as prescribed by law.

Former G.S. 97-47, *amended* 1973 Session Laws, c. 1060, s. 2, is applicable to the case *sub judice* and provides,

> "Upon its own motion or upon the application of any party in interest on the grounds of a change of condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded . . . [B]ut no such review shall be made after 12 months from the date of the last payment of compensation pursuant to an award under this Article . . ."

The last payment pursuant to the award of compensation was made on 16 April 1973. Plaintiff's counsel wrote the Commission to request a hearing based on a change of condition on 5 December 1974. Defendants argue that the request for review of a change of condition was made after the 12-month period of G.S. 97-47 had run. However, plaintiff's letter to the Governor was received and forwarded to the Commission on 13 June 1973, well within the 12-month period. This Court has recognized that ". . . there are instances where an informal letter may serve as a claim for compensation or for a modification of an award on the grounds of change of condition . . ." *Shuler v. Talon Div. of Textron*, 30 N.C. App. 570, 576, 227 S.E. 2d 627, 631 (1976). We note that the hearing examiner in his opinion and order dated 31 July 1975 stated: "On June 13,

Gaddy v. Kern

1973 the Commission received notification from plaintiff that he contended he was entitled to additional benefits; and later his counsel on December 5, 1974 advised the Commission plaintiff could show a change in condition so as to warrant payment of further compensation. . . .” and that the full Commission, in its order affirming the hearing examiner stated, “On June 13, 1973 plaintiff requested a hearing based upon an alleged change in condition . . .”. The letter itself is not a part of the record. Although there is indication in the record that it was an exhibit, if so, it was not sent up with the record. The letter is, therefore, not before us. We note further that in appellant's brief, he states that the letter expressed a desire for “further benefits.” Appellee's brief sets out what it says was the letter in question. It is the same in content as is set out in the “Statement of Facts” in the record. Assuming this is the letter referred to, the writer informs the addressee (presumably the Governor of North Carolina) that he received Workmen's Compensation of $50 a week until 16 November 1971. It stated further: “I had two operations at Duke in neuro-surgery for cut nerve and tedors (sic) in my wrist. I think I am getting a rotten deal and my lawyer is not cooperating. If there is anything your office or the Attorney General, please come to my rescue. My nervous condition cause (sic) me not to be able to except (sic) employment. Thank you.”

Regardless of what the letter actually requested, the Industrial Commission, throughout these proceedings, has treated it as an application for review under G.S. 97-47. Whether properly so we do not reach because our decision on the merits obviates the necessity to discuss it further. Suffice it to say that the hearing examiner and the full Commission certainly gave the claimant the benefit of every doubt.

The Commission's order of 22 June 1976 has ample factual basis in the record to support it, and the order is

Affirmed.

Judges VAUGHN and MARTIN concur.