THOMAS EDWARDS, EMPLOYEE, PLAINTIFF v. JOHN SMITH & SONS, EMPLOYER, AND AETNA CASUALTY & SURETY CO., CARRIER, DEFENDANTS

No. 8010IC206

(Filed 7 October 1980)

**Master and Servant § 77.1– workers' compensation – no change of condition**

   A conclusion by the Industrial Commission that plaintiff experienced a change of condition within the meaning of G.S. 97-47 since the time of an original award of permanent partial disability and is now entitled to compensation for total disability was not supported by findings that plaintiff is suffering from a continuing inability to work caused by the same injury and symptoms which formed the basis of the original award and that the psychological basis for plaintiff's disability was not discovered until after the original award, since a continued incapacity of the same kind and character and for the same injury is not a change of condition, and delayed discovery of the cause or basis of symptoms and disability does not constitute a change in the character of the incapacity.

---

---

APPEAL by defendants from the North Carolina Industrial Commission. Award filed 7 December 1979 by the Full Commission. Heard in the Court of Appeals 28 August 1980.

Plaintiff was injured 26 May 1972 in an accident arising out of and in the course of his employment. He was injured at work when he jumped from a scaffold to a cement floor escaping from smoke and fumes emitted by a pump. Plaintiff suffered injuries to his head and the right side of his body. Plaintiff has not returned to work since the injury.

Following a hearing in January, 1976, Deputy Commissioner Denson awarded plaintiff temporary total disability compensation from 14 February to 21 May 1975 and compensation for permanent partial disability due to back injuries and loss of hearing. Plaintiff filed an application for rehearing based on a change of condition and on 7 June 1979 Deputy Commissioner Roney awarded plaintiff total disability compensation. The Full Industrial Commission affirmed the award of Deputy Commissioner Roney from which defendants Smith & Sons, Employer, and Aetna Casualty, Carrier, appealed to the Court of Appeals.

*C. Orville Light for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr. and William L. Young, for defendant appellants.*

HEDRICK, Judge.

Defendants do not question the sufficiency of the evidence to support the findings of fact, but rather the sufficiency of the findings of fact to support the conclusion of law that plaintiff has experienced a change of condition under N.C.G.S. 97-47 from the time of Deputy Commissioner Denson's original award on 27 January 1976.

N.C.G.S. 97-47 authorized the Industrial Commission to review and, in its discretion, modify previous awards on the grounds of a change of condition. As stated in *Gaddy v. Kern,* 32 N.C. App. 671, 673, 233 S.E. 2d 609, 611 (1977), a change of condition "... refers to a substantial change, after a final award of compensation, or (sic) the injured employee's *physical capacity to earn* and in some cases, of his earnings," quoting *Swaney v. Construction Co.,* 5 N.C. App. 520, 526, 169 S.E. 2d 90,

Edwards v. Smith & Sons

94-95 (1969). The leading case of *Pratt v. Upholstery Co.*, 252 N.C. 716, 722, 115 S.E. 2d 27, 33 (1960), makes clear that change of condition under N.C.G.S. 97-47 occurs where conditions are "different from those existent when the award was made; and a continued incapacity of the same kind and character and for the same injury is not a change of condition ... the change must be actual, and not a mere change of opinion with respect to a pre-existing condition."

Deputy Commissioner Roney's Findings of Fact filed 7 June 1979 indicated that plaintiff is suffering from a *continuing* inability to work caused by the same injury that formed the basis of the 27 January 1976 award manifest by the same symptoms. Finding of Fact #8 states: "Claimant's physical condition as it existed during January 1976 had *not* changed for the worse by January 1977." (Emphasis added.) These findings fail to support the Commissioner's award of additional compensation based on a change of condition.

The only factual finding even remotely supportive of the legal conclusion that plaintiff experienced a change of condition is #11 which states: "The psychological basis for this disability was not discovered until the 7 January 1977 hospitalization at Duke University Medical Center." This observation does not fall within the clear definition of changed conditions as set out in *Pratt, supra.* Delayed discovery of the cause or basis of symptoms and disability does not equal a change in the character of the incapacity. *Id.*

Under these circumstances, we find no evidence in the record to support a change of condition. The conclusions of law that a change of condition exists and that plaintiff is entitled to modification of the January 1976 award are not supported by the Commissioner's findings of fact. The opinion and award of the Full Commission is therefore

Reversed.

Judges ERWIN and WELLS concur.