MAGGIE HUBBARD, EMPLOYEE v. BURLINGTON INDUSTRIES, EMPLOYER; AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 8410IC909

(Filed 6 August 1985)

1. **Master and Servant § 95.1— appeal to full Commission—mailed fourteen days after notice—filed sixteen days after notice—timely**

   An appeal to the full Industrial Commission from the opinion and award of a Deputy Commissioner was timely where defendants received notice of the award on 19 April, mailed notice of appeal to the full Commission fourteen days later on 3 May, and the notice of appeal was filed in the office of the full Commission on 5 May, sixteen days after after defendants received notice of the Deputy Commissioner's opinion and award. The application was made to review the appeal on the day it was mailed to the full Commission. G.S. 97-85.

2. **Master and Servant § 77.1— changing condition—partial disability to total disability**

   There was no error in finding a change of condition from partial disability to permanent disability and modifying the award of compensation accordingly where a Deputy Commissioner found a permanent partial disability in 1978 due to exposure to cotton dust, there was evidence in 1982 that plaintiff's lung capacity had decreased, and there had been ample evidence in 1978 for the Deputy Commissioner to have found plaintiff totally disabled. If the Industrial Commission finds a fact and the evidence in a subsequent hearing shows the finding was not correct, this will support a finding of a different fact which supports a finding of a change in condition. G.S. 97-47.

APPEAL by defendants from an Opinion and Award of the Industrial Commission entered 6 April 1984. Heard in the Court of Appeals 16 April 1985.

This is an appeal from the Industrial Commission which affirmed an award of a deputy commissioner who had amended an award to give additional benefits. Maggie Hubbard worked in the textile industry for forty years. On 1 March 1979 a deputy commissioner found that Ms. Hubbard "has been disabled from any kind of employment involving strenuous work because of her breathing problem" and was "permanently partially disabled as a result of chronic obstructive lung disease contracted in and aggravated by cotton dust exposure in her employment with defendant-employer." The deputy commissioner awarded Ms. Hubbard "$80.00 per week from April 18, 1975, until such time as plaintiff sustains a change in condition (medical or employment) subject to a maximum period of 300 weeks." Neither plaintiff nor defendants appealed from this opinion and award.

On 26 October 1981 Ms. Hubbard requested another hearing on the ground there had been a change of her condition. At a hearing in 1982 Ms. Hubbard testified that her breathing was much worse in 1982 than it had been at the time of the first hearing in 1978. Dr. Herbert Sieker testified that he had examined Ms. Hubbard in 1978 and on 8 January 1982. He testified that Ms. Hubbard's lung volume decreased between 1978 and 1982 which could be a consequence of the progression of her chronic obstructive lung disease. He testified that in his opinion Ms. Hubbard was disabled for most physical activity and could be expected only to do those things which are fairly sedentary. He testified that in his opinion Ms. Hubbard's impairment was permanent. On cross examination Dr. Sieker testified that he had given as his opinion at the 1978 hearing that she was totally disabled for any kind of activity that would require strenuous or continuous work which was the same opinion he expressed in 1982.

Dr. Francis Fallon, a general practitioner, testified that Ms. Hubbard's breathing problems were worse in 1982 than they had been in 1978. On cross examination he said this was based on what Ms. Hubbard told him when he took her history. He had no objective studies done of her lung function.

On 13 April 1983 Deputy Commissioner Angela R. Bryant filed an opinion and award in which she found Ms. Hubbard's "lung volumes and air flow rates have decreased, and she now has evidence of restrictive lung disease. Both those changes are due to a progressive worsening of her chronic obstructive pulmonary disease." Deputy Commissioner Bryant also found that Ms. Hubbard's condition had "worsened from partial disability to total disability since her benefits were discontinued pursuant to the previous award herein." Deputy Commissioner Bryant awarded Ms. Hubbard compensation for her lifetime.

The opinion and award of Deputy Commissioner Bryant was received by the defendants' attorney on 19 April 1983. The defendants' attorney mailed a notice of appeal to the full Commission on 3 May 1983. The notice of appeal was filed in the office of the full Commission on 5 May 1983. The plaintiff made a motion to the full Commission to dismiss the appeal as not being timely made.

The full Commission affirmed and adopted the opinion of Deputy Commissioner Bryant. The full Commission also found that the defendants had failed to file a timely appeal and allowed the plaintiff's motion to dismiss. The defendants appealed.

*Charles R. Hassell, Jr. for plaintiff appellee.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by C. Ernest Simons and Steven M. Sartorio, for defendant appellants.*

WEBB, Judge.

[1]   The first question raised by this appeal is whether the full Commission was correct in dismissing the appeal from the Deputy Commissioner. G.S. 97-85 says in part:

> If application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and if proper, amend the award. . . .

The defendants received notice of the award on 19 April 1983. The defendants' attorney mailed the notice of appeal to the full

Commission on 3 May 1983 which was fourteen days after the defendants received the notice. The notice of appeal was filed in the office of the full Commission on 5 May 1983 which is sixteen days after the defendants received the notice of the Deputy Commissioner's opinion and award. We hold that the application was made to review the appeal on the day it was mailed to the full Commission. This would be within fifteen days of the time the defendants received the notice of the award from the Deputy Commissioner. It was error for the full Commission to dismiss the appeal.

[2] The appellants argue that it was error to find there was a change in Ms. Hubbard's condition under G.S. 97-47. They say this is so because the test for disability under our Workers' Compensation Act is not physical injury but diminution of wage earning capacity. *See Hall v. Chevrolet Co.*, 263 N.C. 569, 139 S.E. 2d 857 (1965). They argue that a change in condition thus means a change in a person's capacity to earn wages. There was substantial evidence including the opinion testimony of Dr. Sieker that Ms. Hubbard was permanently incapacitated at the time of the first hearing. The defendants contend that there was no more evidence of her permanent disability to earn wages in 1982 than there had been in 1979. For this reason they argue there can be no finding of a change in condition.

We believe that the answer to the defendants' argument is that whatever the evidence showed at the 1978 hearing, the deputy commissioner found Ms. Hubbard to be permanently partially disabled. There was evidence at the 1982 hearing that her lung capacity had decreased. Deputy Commissioner Bryant found that Ms. Hubbard was totally disabled, which finding was affirmed by the full Commission. When the Industrial Commission finds on one occasion that a person is permanently partially disabled and on a later occasion finds based on additional evidence that the person is totally disabled this supports a finding of a change in condition. We agree with the defendants that there was ample evidence for the deputy commissioner to have found in 1979 that Ms. Hubbard was totally disabled. However, she did not do so.

Although not on all fours with this case we believe we are supported in our reasoning by *West v. Stevens Co.*, 12 N.C. App. 456, 183 S.E. 2d 876 (1971). In that case the Industrial Commission

found the plaintiff had a 12.5 percent permanently partial disability of the leg. At a later hearing there was testimony that the condition of the leg was the same as at the time of the first hearing and had not improved as anticipated. The Industrial Commission held there had been a change in condition of the leg and gave additional benefits. There was no change in the physical condition of the leg in that case. In affirming, this Court said that the Industrial Commission attempted to anticipate the degree of recovery. When later events showed the Commission had not anticipated correctly this supported a finding of a change in condition. We believe *West* stands for the proposition that if the Industrial Commission finds a fact and the evidence in a subsequent hearing shows the finding was not correct this will support a finding of a different fact which supports a finding of a change in condition. We believe this is what was done in this case.

For the reasons stated in this opinion, we reverse that part of the opinion and award of the Industrial Commission which dismissed the defendants' appeal. We affirm that part of the opinion and award that orders the payment of benefits for life to the plaintiff.

Reversed in part; affirmed in part.

Judges BECTON and PARKER concur.