CHRISTIE HARMON, EMPLOYEE v. PUBLIC SERVICE OF NORTH CAROLINA, INC., EMPLOYER, AND AETNA LIFE & CASUALTY CO., CARRIER

No. 8510IC1272

(Filed 17 June 1986)

Master and Servant § 77.1— workers' compensation—award for permanent partial disability of the back—use of legs impaired—Commission's failure to consider error

    Plaintiff, who had been given an award for permanent partial disability of the back, was entitled to have the Deputy Commissioner and the full Industrial Commission consider his referred pain to the extremities of the body in determining whether he had sustained a change of condition under N.C.G.S. § 97-47, and the Deputy Commissioner should have taken into account impairment of the use of plaintiff's legs in determining whether plaintiff had become totally disabled and entitled to compensation under N.C.G.S. § 97-29.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission entered 4 September 1985. Heard in the Court of Appeals 17 April 1986.

Plaintiff appeals from an opinion and award finding that he had not sustained a substantial change in condition from the time of an initial opinion and award filed 8 March 1982. The findings from the 8 March 1982 opinion and award show, in pertinent part, that:

In April 1979, in the course of his employment with defendant-employer, plaintiff injured his back when he twisted it while

handling pipe in a ditch. Plaintiff returned to work on various oc-
casions shortly after the accident, but found that his difficulty
with his back prevented him from working. Plaintiff saw two doc-
tors, Dr. Neimeyer and Dr. Joyce, both orthopedic surgeons. Dr.
Neimeyer diagnosed plaintiff as suffering from spondylolisthesis
with acute lumbosacral strain and later performed surgery where-
in he removed part of the vertebrae at the L-5 level, excised the
disc and performed a two-level fusion.

Each doctor concluded that plaintiff had a 30% permanent
partial disability of his back. Dr. Joyce concluded further that due
to plaintiff's back injury there was only a "possibility" that he
could return to gainful employment.

From these findings the Commission determined that plain-
tiff was entitled to temporary total disability from 25 April 1979,
the date of injury, to 6 February 1981, the date he reached maxi-
mum medical improvement. The Commission concluded further
that plaintiff also was entitled to compensation for an additional
ninety weeks for a 30% permanent partial disability of the back.
Neither party appealed from this opinion and award.

On 3 February 1983 plaintiff sought additional compensation
for a substantial change in condition. At the hearing plaintiff
presented evidence that he continues to have significant leg and
back pain. Dr. Neimeyer testified that plaintiff's condition had
substantially changed for the worse between February 1981 and
December 1983. Of particular concern to Dr. Neimeyer was "the
discomfort [plaintiff reports] persists at times in his leg which
would indicate . . . that there has still been some pinching of a
nerve in the leg." Dr. Neimeyer related a particular incident
when plaintiff bent over to pick up something light and felt such
a severe pain in the back and in both the right and left legs that
he had to be brought to the doctor's office by ambulance because
of his discomfort, spasm and immobility. Dr. Joyce testified that
while in 1981 he felt that plaintiff might improve enough to re-
turn to work, his opinion at the time of the subsequent hearing
was that plaintiff had not improved, was not going to improve
and would not be able to return to work.

Based on the foregoing evidence the Deputy Commissioner
found that although plaintiff had continued to have severe and
persistent leg and back pain and this pain had worsened since his

last rating in that it was more intense, severe, and frequent, he nevertheless had not sustained a substantial change in condition. In her comment the Deputy Commissioner stated:

> It is clear that plaintiff is totally disabled; however, under the Workers' Compensation Act, as long as an injury can be rated to a part of the body, e.g. the back, leg, arm, etc., the claimant is limited to those benefits and cannot receive total disability unless multiple parts or systems of the body are permanently impaired.

A majority of the full Commission adopted the opinion of the Deputy Commissioner. Commissioner Clay dissented. Plaintiff appeals.

*Whitesides, Robinson, Blue and Wilson, by Henry M. Whitesides, for plaintiff appellant.*

*Hedrick, Eatman, Gardner, and Kincheloe, by Mel J. Garofalo and Nancy S. Davenport, for defendant appellee.*

WHICHARD, Judge.

Plaintiff contends the Deputy Commissioner and the full Commission should have considered his referred pain to the extremities of the body in determining whether he has sustained a change of condition under N.C. Gen. Stat. 97-47. We agree.

"When . . . an injury to the back causes referred pain to the extremities of the body and this pain impairs the use of the extremities, then the award of workers' compensation must take into account such impairment." *Fleming v. K-Mart Corp.*, 312 N.C. 538, 546, 324 S.E. 2d 214, 218-19 (1985). *See also Kendrick v. City of Greensboro*, 80 N.C. App. 183, 341 S.E. 2d 122 (1986). In *Fleming* the Court, upholding an award by the Commission, held that a disabled plaintiff suffering from "chronic back and leg pain" as a result of a work-related injury to the back could not be fully compensated under N.C. Gen. Stat. 97-31(23) and was entitled to compensation under N.C. Gen. Stat. 97-29. *Id.*

It is clear from the Deputy Commissioner's comment that she did not apply the legal standard set forth in *Fleming* to the findings here, and thus, as stressed in the dissent, that she based her determination on a misapprehension of the law. Specifically, the

Deputy Commissioner failed to take into account impairment of the use of plaintiff's legs in determining whether plaintiff is now totally disabled and entitled to compensation under N.C. Gen. Stat. 97-29, as mandated by *Fleming.*

Defendants contend that *Fleming* is inapplicable because the issue there did not concern whether the plaintiff had sustained a substantial change in condition. Defendants are partially correct in that a determination that an injured plaintiff is entitled to compensation under N.C. Gen. Stat. 97-29 under the *Fleming* standard does not, in and of itself, compel a conclusion that such plaintiff has sustained a substantial change of condition under N.C. Gen. Stat. 97-47. There still must be a determination that there has been a substantial change in the injured employee's condition, i.e., a change in his or her capacity to earn wages. *See Edwards v. Smith & Sons,* 49 N.C. App. 191, 192-93, 270 S.E. 2d 569, 570 (1980), *disc. rev. denied,* 301 N.C. 720, 274 S.E. 2d 228 (1981).

In *Hubbard v. Burlington Industries,* 76 N.C. App. 313, 316, 332 S.E. 2d 746, 748 (1985), this Court held that "[w]hen the . . . Commission finds on one occasion that a person is permanently partially disabled and on a later occasion finds[,] based on additional evidence[,] that the person is totally disabled[,] this supports a finding of a change in condition." A situation similar to that in *Hubbard* exists here in that the first opinion and award determined plaintiff to be permanently partially disabled and the Deputy Commissioner subsequently determined, based on competent evidence in the record, that plaintiff is now "totally disabled."

" 'When, as here, facts are found by the Commission under a misapprehension of the law, we are empowered to remand the case so that the evidence may be considered in its true legal light.' " *Wagoner v. Douglas Battery Mfg. Co.,* 80 N.C. App. 163, 164, 341 S.E. 2d 120, 122 (1986), *quoting Cauble v. Macke Co.,* 78 N.C. App. 793, 795, 338 S.E. 2d 320, 322 (1986). Accordingly, the opinion and award are reversed and the cause is remanded to the Industrial Commission to make findings of fact and conclusions of law consistent with this opinion. Specifically, the Commission should take into account impairment of the use of plaintiff's legs as mandated by *Fleming, supra.* We further note that should the Commission, applying *Fleming,* determine that plaintiff is totally

disabled and entitled to compensation under N.C. Gen. Stat. 97-29, plaintiff will have sustained a substantial change of condition. *Hubbard, supra.*

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.