STYRON v. DUKE UNIVERSITY HOSPITAL

[96 N.C. App. 356 (1989)]

LILA LEE STYRON v. DUKE UNIVERSITY HOSPITAL, D/B/A SEA LEVEL HOSPITAL

No. 8910IC68

(Filed 21 November 1989)

**Master and Servant § 77.1 (NCI3d) — workers' compensation — change of condition — award of total permanent disability proper**

The Industrial Commission properly found in a workers' compensation action that plaintiff was totally permanently disabled where the Commission had determined on 18 September 1984 that plaintiff sustained a 32.5% permanent partial disability to her back; plaintiff reopened the claim based on an alleged change in condition and the Industrial Commission on 30 September 1988 affirmed the Chief Deputy Commissioner's finding of a change in condition and award of compensation for permanent total disability; two of plaintiff's physicians testified that her physical condition was worse at the time of the second hearing but had first observed her after the initial award; and her original treating physician testified that she was completely disabled at both times. There is no reason to inhibit an applicant's ability to prove a change in condition by limiting proof to the testimony of a physician who had examined the plaintiff before and after the change in condition; furthermore, the Commission, not the testifying physician, makes the crucial comparison of conditions.

**Am Jur 2d, Workmen's Compensation §§ 340, 600.**

APPEAL by defendant from Opinion and Award of Full Commission filed 30 August 1988. Heard in the Court of Appeals 1 September 1989.

*Wallace, Morris, Barwick & Rochelle, P.A., by F. E. Wallace, Jr., for plaintiff-appellee.*

*Newsom, Graham, Hedrick, Bryson & Kennon, by Joel M. Craig, for defendant-appellant.*

GREENE, Judge.

Defendant Duke University appeals from an Industrial Commission Opinion and Award finding a change in plaintiff's condition and thus increasing an earlier award.

On 24 December 1982, the plaintiff Lila Lee Styron injured her back while employed at Duke University's Sea Level Hospital. As a result of this injury, the Industrial Commission on 18 September 1984 determined the plaintiff sustained a 32.5% permanent partial disability to her back. Within apt time, Ms. Styron re-opened the claim based on an alleged change in condition. The Industrial Commission on 30 September 1988 affirmed the Chief Deputy Commissioner's finding of the change in condition and award of compensation for permanent total disability. In support of her application for increased compensation due to a change in condition, the plaintiff produced testimony of Dr. Robert Wilfong, her original treating physician. She also produced testimony of Dr. Rudolph Maier, her neurologist, and Dr. William Adams, her psychiatrist. Both Dr. Maier and Dr. Adams first observed and treated the plaintiff after the September 1984 award. Their testimony tended to prove that her physical condition was worse at the time of the second hearing than in 1984. Dr. Wilfong testified she was completely disabled at both times.

Dr. Adams diagnosed the plaintiff as suffering from "an adjustment disorder with a depressed mood. . . ." He further characterized her condition as a "major depressive episode with a chronic pain syndrome." He stated that cervical and back injuries contributed to her mental condition. As a result of her physical and mental condition, he concluded: ". . . it's hard for me to imagine her being able to hold any gainful employment."

Dr. Maier observed that the plaintiff experienced pain down the backs of both legs and pain in her neck and head, resulting in difficulty in standing and walking. He related her pain to "back injuries in which the pain may radiate down the back of a leg along the distribution of one of the nerve roots originating in the back." In explaining the plaintiff's back and leg pain, Dr. Maier also found significant a recent CAT scan of the lumbosacral spine which revealed "concentric bulging of the disc between L4 and L5 which does extend somewhat into the spinal canal and into the foramina, the exits of the nerve roots. . . ." Dr. Maier also diagnosed the plaintiff as suffering from an arthritic change as a result of the injury and back surgery which followed, and he observed fibromyositis, chronically painful nodules arising in the muscles. Dr. Maier opined that the plaintiff was incapable of engaging in meaningful and gainful employment.

The issue presented is whether the evidence supports the Commission's finding that the plaintiff proved a compensable change in condition following an earlier compensation award.

Defendant argues that the plaintiff submitted insufficient evidence to support the Commission's finding that plaintiff sustained a compensable change of condition since plaintiff's case depended on the testimony of physicians who had not examined the plaintiff prior to her first award. N.C.G.S. § 97-47 provides:

> Upon its own motion or upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded. . . .

N.C.G.S. § 97-47 (1985). In reviewing an award of the Industrial Commission, we are "limited to the questions (1) whether there was competent evidence before the Commission to support its findings and (2) whether such findings support its legal conclusions." *McLean v. Roadway Express, Inc.*, 307 N.C. 99, 102, 296 S.E.2d 456, 458 (1982). The defendant's appeal requires only the former inquiry, as they assign error only to that issue.

The defendant notes that Dr. Wilfong, the only testifying physician who saw the plaintiff both before and after the 1984 compensation award, opined that her condition in 1986 was about the same as in 1984. He rated her as totally disabled at both times. The defendant argues that the testimony of Drs. Maier and Adams is incompetent to prove her condition deteriorated after the 1984 award since neither physician had observed the plaintiff prior to the 1984 award. We see no reason to inhibit an applicant's ability to prove a change in condition by limiting proof to the testimony of a physician who had examined the plaintiff before and after the change in condition. Generally speaking, such physician may be unavailable for testifying during a later hearing for greater benefits. Further, the Commission, not the testifying physician, makes the crucial comparison of conditions. From an expert's testimony of the plaintiff's current condition, the Commission may observe that this condition is worse than the condition described at an earlier point in time by other experts.

The Industrial Commission, in 1984, awarded the plaintiff compensation for a 32.5% permanent partial disability to her back.

At that time, evidently, the Commission did not find Dr. Wilfong's testimony of total disability convincing. However, on the plaintiff's reapplication for greater benefits, the Commission received testimony from two other physicians describing physical and mental conditions different from those existing in 1984. The defendant does not dispute that the physical and mental conditions described by Drs. Maier and Adams are the result of the industrial injury occurring on 24 December 1982. The Commission decided that the conditions described by these physicians were worse than those proven in the first application for compensation, and granted her an award for total permanent disability. We find that the evidence supported the Commission's conclusion that the plaintiff is totally permanently disabled, and that her condition was caused by the December 1982 injury. *See Hubbard v. Burlington Indus. Inc.*, 76 N.C. App. 313, 316, 332 S.E.2d 746, 748 (1985) (when Commission originally finds permanent partial disability, later Commission finding based on additional evidence of plaintiff's total disability will support conclusion condition has changed). Since the evidence tended to prove the plaintiff has no earning capacity, the Commission's finding that she is permanently unable to work is proper. *See Dail v. Kellex Corp.*, 233 N.C. 446, 64 S.E.2d 438 (1951).

Affirmed.

Judges JOHNSON and EAGLES concur.