JAMES WARNER CRATT, EMPLOYEE, PLAINTIFF v. PERDUE FARMS, INC.,
EMPLOYER; SELF-INSURED (CRAWFORD & COMPANY, SERVICING AGENT),
DEFENDANT

No. 9010IC875

(Filed 19 March 1991)

**Master and Servant § 96.6 (NCI3d) — workers' compensation — employee's leg and back discomfort — Industrial Commission's finding not supported by evidence**

There was no competent evidence to support the Industrial Commission's finding that plaintiff was "suffering no significant back or leg discomfort," since there was evidence that plaintiff continued to experience severe back and leg discomfort any time he attempted to become normally active and that the condition was at least partially attributable to the injury plaintiff sustained while in defendant's employ; therefore, the case is remanded to the Industrial Commission for a finding as to whether plaintiff was permanently and totally disabled within the meaning of N.C.G.S. § 97-29.

**Am Jur 2d, Workmen's Compensation §§ 289, 340, 550.**

APPEAL by plaintiff from an opinion and award of the North Carolina Industrial Commission entered 17 April 1990. Heard in the Court of Appeals 20 February 1991.

This is a proceeding under the Worker's Compensation Act wherein plaintiff seeks to recover compensation for injuries sustained. The record tends to show the following: On 19 April 1986, plaintiff suffered a back injury while working for Perdue Farms, Inc. This injury aggravated a pre-existing but previously asymptomatic degenerative condition of plaintiff's spine, and necessitated surgery to excise a herniated disc, as well as corrective surgery to alleviate decompression of the lumbar nerve roots resulting from the pre-existing degenerative condition.

CRATT v. PERDUE FARMS, INC.

[102 N.C. App. 336 (1991)]

The Industrial Commission made findings of fact and conclusions of law and awarded plaintiff compensation at a rate of $165.75 per week during the period 26 June 1986 to 17 June 1987 on account of plaintiff's temporary total disability, and an additional seventy-five weeks compensation at the same weekly rate on account of his retained twenty-five per cent (25%) permanent partial disability pursuant to G.S. 97-31, as well as reasonable attorney fees, and medical expenses incurred as a result of the injury by accident.

Plaintiff appealed.

*Hugh D. Cox for plaintiff, appellant.*

*Williamson, Herrin, Barnhill & Savage, by Mickey A. Herrin, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff assigns error to the refusal of the Commission to award him permanent total disability benefits pursuant to G.S. 97-29. Plaintiff argues that the evidence shows that he is permanently disabled from any and all kinds of employment because of his severe back and leg discomfort, a degenerative condition which is not expected to improve.

In *Harmon v. Public Service of N.C., Inc.*, 81 N.C. App. 482, 344 S.E.2d 285, *disc. review denied*, 318 N.C. 415, 349 S.E.2d 595 (1986), quoting *Fleming v. K-Mart Corp.*, 312 N.C. 538, 324 S.E.2d 214 (1985), this Court held that when an injury to the back causes referred pain to the extremities of the body and this pain impairs the use of the extremities, the award of workers' compensation must take into account such impairment and also that a plaintiff suffering from "chronic back and leg pain" cannot be fully compensated under G.S. 97-31 and is entitled to compensation under G.S. 97-29.

In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to: (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the conclusions of law are supported by the findings of fact. *Barham v. Food World*, 300 N.C. 329, 266 S.E.2d 676, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 116 (1980).

The Industrial Commission found as a fact that plaintiff "ultimately reached maximum medical improvement and/or the end of the healing period" and that plaintiff was having "no significant back or leg discomfort." Based on that determination, the Commission concluded as a matter of law that plaintiff was not entitled to recover for permanent total disability under G.S. 97-29, but was relegated to a recovery under G.S. 97-31 for permanent partial disability of the back.

In reviewing the record, we find no competent evidence to support the finding that "the plaintiff is suffering no significant back or leg discomfort." On the contrary, our review finds evidence which shows that plaintiff is continuing to experience severe back and leg discomfort any time he attempts to become normally active, and that this condition is at least partially attributable to the injury plaintiff sustained. Whether the evidence in the record is sufficient to support a finding that plaintiff is totally and permanently disabled within the meaning of G.S. 97-29 is yet to be determined.

Therefore, the cause is remanded to the Industrial Commission to make findings from the evidence sufficiently definitive to determine the question of whether the plaintiff is entitled to benefits under G.S. 97-29.

Remanded.

Judges COZORT and LEWIS concur.