***********
Having reviewed the competent evidence of record, the Full Commission finds that it is without jurisdiction to hear this case and dismisses this appeal pursuant to N.C.G.S. § 97-85.
Based on the competent evidence of record, the Full Commission makes the following findings of facts relevant to the jurisdiction to hear the appeal from Deputy Commissioner Ford's Opinion and Award:
1. Deputy Commissioner Ford filed his Opinion and Award in this claim on November 29, 2001, at which time it was served on counsel of record for the parties;
2. Defendants filed their notice of appeal from Deputy Commissioner Ford's Opinion and Award on December 27, 2001, in a letter from Clayton M. Custer from the firm of Womble, Carlyle, Sandridge Rice dated December 17, 2002. The Docket Director for the Industrial Commission acknowledged receipt of defendants' notice of appeal in a letter dated December 29, 2001.
3. On February 19, 2002, plaintiff filed a Motion to Dismiss predicated on defendants' failure to timely give notice of appeal. Plaintiff reported that the Opinion and Award was dated November 29, 2001, that the fifteen day period to perfect the notice of appeal expired on December 14, 2001, and that defendants' notice of appeal was dated December 17, 2001, and was not received by the Industrial Commission until December 27, 2001.
4. On March 8, 2002, defendants filed a response to plaintiff's motion to dismiss appeal which asserted the following:
 a. The attorney of record for this case was Laura M. Wolfe with the office of Womble, Carlyle, Sandridge Rice;
 b. Ms. Wolfe left the office of Womble, Carlyle, Sandridge Rice on May 1, 2001; however, this file remained with Womble, Carlyle, Sandridge Rice;
 c. On July 25, 2001, Clayton M. Custer of the office of Womble, Carlyle, Sandridge Rice relocated from their Winston-Salem office to their Greenville, South Carolina office;
 d. The Opinion and Award of Deputy Commissioner Ford was file stamped on November 29, 2001;
 e. The Opinion and Award of Deputy Commissioner Ford was faxed to the Winston-Salem office of Womble, Carlyle, Sandridge Rice to the attention of Laura M. Wolfe;
 f. The mailroom of the Winston-Salem office of Womble, Carlyle, Sandridge Rice on November 29, 2001, attempted to forward the Opinion and Award to Ms. Wolfe at her new office location;
 g. Clayton M. Custer of the office of Womble, Carlyle, Sandridge Rice did not receive the Opinion and Award until December 3, 2001. Consistent with his standard practice, Clayton M. Custer, believed that he had fifteen (15) days from the receipt of the award to give notice of appeal;
 h. Clayton M. Custer believed that the Award was "received" on December 3, 2001, calendared the due date for the notice of appeal for December 18, 2001, and believed that he met the statutory notice period by mailing the notice of appeal on December 17, 2001; and,
 i. In the event that counsel was in error, he evokes the doctrine of excusable neglect and asserts that there is no prejudice to plaintiff from the late notice.
Pursuant to Hubbard v. Burlington Industries, 76 N.C. App. 313,332 S.E.2d 746 (1985) and Allen v. Food Lion, 117 N.C. App. 289,450 S.E.2d 571 (1994), defendants assert that they should be permitted to pursue their appeal.
5. On March 13, 2002, plaintiff responded asserting that the circumstances of this case are more closely associated with the facts inPartridge v. Associated Cleaning, 108 N.C. App. 625, 424 S.E.2d 664
(1993), and renewed his request to dismiss this case for an untimely filing.
6. The Full Commission finds that defendants' counsel, Womble, Carlyle, Sandridge Rice, received Deputy Commissioner Ford's Opinion and Award on November 29, 2001, by fax, and that defendants' counsel did not file the notice of appeal until it was mailed on December 17, 2001. The Full Commission notes that there is no record of a change of the lead attorney from Ms. Wolfe to Mr. Custer and that there was no notice of a change of address for the handling office from Winston-Salem to Greenville, South Carolina. Defendants' counsel had sufficient time, upon receipt of the Opinion and Award, to file a timely notice of appeal. Counsel's failure to do so was a result of a misapprehension of the law. The filing of the notice of appeal on December 17, 2001, was not timely and the Full Commission does not have jurisdiction to consider defendants' appeal.
7. Having reviewed the complete record in this case, reviewed the briefs of the parties, and having received the oral presentations of the parties, the Full Commission finds that there was no error in the proceedings before the Deputy Commissioner and that the Full Commission would have found for plaintiff and awarded benefits if it had had jurisdiction to hear the appeal in this matter.
 ***********
The Full Commission enters the following
 CONCLUSIONS OF LAW
1. Defendants did not give timely notice of appeal from the November 29, 2001, Opinion and Award of Deputy Commissioner Ford. N.C.G.S. §97-85. The Opinion and Award was received by defendants' counsel on November 29, 2001; therefore, defendants' notice of appeal had to be mailed within fifteen (15) days. See Hubbard v. Burlington Industries,76 N.C. App. 313, 332 S.E.2d 746 (1985); N.C.G.S. § 97-85. The mailing of the notice of appeal on December 17, 2001, was not timely. N.C.G.S. § 97-85.
2. Although the Commission has the power to remedy an error based on excusable neglect of counsel, Hogan v. Cone Mills Corp., 315 N.C. 127,337 S.E.2d 477 (1985), defendants' counsel's misapprehension of the law in this case does not constitute excusable neglect. Defendants' failure to file a timely notice of appeal, therefore, should not be excused under the doctrine of excusable neglect.
 ***********
Based on the foregoing, the Full Commission enters the following
 ORDER
1. Defendants appeal from the November 29, 2001, Opinion and Award filed by Deputy Commissioner Ford is dismissed.
2. Defendants shall pay all costs.
SIGNED this ___ day of June, 2002.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER