* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner DeLuca and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner DeLuca with minor modifications.
 * * * * * * * * * * * RULING ON PROCEDURAL MATTERS
Subsequent to the August 14, 2007 review of this matter, the undersigned entered an Order filed September 17, 2007, reopening the evidentiary record and remanding the matter to Chief Deputy Commissioner Stephen T. Gheen for the taking of medical opinion testimony regarding the issues of (1) causation between plaintiff's sleep apnea and his compensable injury; *Page 2 
(2) whether plaintiff has undergone further medical treatment for his sleep apnea since his June 14, 2005 surgery; (3) whether plaintiff's mandibular retrusion is related to the compensable injury; and (4) any other evidence relating to the consequences of plaintiff's compensable injury, including any right to compensation for disfigurement or loss of or permanent injury to any important organ or part of the body under N.C. Gen. Stat. §§ 97-31(21) and (24). The undersigned further referred plaintiff to the Workers' Compensation Section of the NC Academy of Trial Lawyers for participation in a program matching unrepresented claimants with workers' compensation attorneys.
On December 27, 2007, the undersigned were notified by Mr. Sam Scudder of the firm Scudder and Hedrick that he had been assigned to represent plaintiff on a pro bono basis but that plaintiff did not wish for Mr. Scudder to represent him.
Since plaintiff would not be represented by counsel, medical depositions were not deemed feasible. The undersigned thereafter accepted additional medical evidence from plaintiff on the above-referenced issues in lieu of taking medical testimony. Said evidence was received June 6 and June 9, 2008.
Based upon the above circumstances, IT IS HEREBY ORDERED that the September 17, 2007 Order remanding the matter for additional medical testimony is RESCINDED. The medical records submitted by plaintiff are admitted into the record as Plaintiff's Exhibit 2 as set forth under Stipulation paragraph # 7.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 3 
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and are subject to and bound by the North Carolina Workers' Compensation Act.
2. At all times relevant hereto, an employment relationship existed between Plaintiff and Employer-Defendant.
3. The Industrial Commission has jurisdiction over the parties and the subject matter.
4. Hartford Insurance was the carrier on the risk at all relevant times.
5. Plaintiff's average weekly wage is $370.80, and his compensation rate is $247.34.
6. A Pretrial Agreement, medical records, the Full Commission Opinion and Award of February 8, 2006, with attachments, and documentation of medical expenses paid by Defendants were stipulated into the record. Following the hearing, Plaintiff submitted additional records that were admitted into the record as Plaintiff's Exhibit 1.
7. Plaintiff's Exhibit 2 is admitted into the record. Plaintiff's Exhibit 2 consists of pages 6-20, 37-50, 102-174, and 176-183 of the transcript of evidence from the hearing before Deputy Commissioner DeLuca; 6 pages of bills from various medical providers; and a selection plaintiff's medical records from 1977 through 1983.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 4 
1. Prior opinions of the Full Commission issued on April 26, 2002, and February 8, 2006, along with the record on which these opinions were based, are incorporated by reference into this Opinion Award.
2. Plaintiff was born on August 11, 1959. He is a high school graduate, with additional training and certification in automotive work and training in auto body painting. Plaintiff served in the Army and worked as a letter carrier contractor for the post office prior to his employment with defendant-employer. As of February 21, 2006, plaintiff stood approximately 5 feet 10 inches tall and weighed just over 200 pounds.
3. On July 18, 1997, plaintiff sustained an admittedly compensable injury by accident. He was in the process of putting a dolly under one end of a truck body when the other end fell off of a forklift and landed, such that the dolly struck plaintiff in the chin. He was stunned by the blow but subsequently advised medical personnel that he did not believe that he lost consciousness. The laceration he sustained to his chin was sutured locally and he was then sent to Pitt County Memorial Hospital for evaluation. X-rays revealed a non-displaced fracture of the mandible.
4. Plaintiff treated with a number of physicians over the next few months for a variety of complaints related to his compensable injury. He was released to return to work without restrictions in October 1997. However, plaintiff did not return to work at that time, instead seeking treatment for hypertension.
5. Defendants filed a Form 24, and the matter was litigated before Deputy Commissioner Chapman, and eventually the Full Commission. The Full Commission entered an Opinion and Award on April 26, 2002, ordering payment of certain indemnity and medical *Page 5 
benefits to plaintiff, but finding that plaintiff's hypertension was unrelated to his compensable injury. Plaintiff did not appeal this decision.
6. The Full Commission also ordered that additional evidence be taken on the issue of whether plaintiff sustained a brain injury as a result of his accident and whether any disability existed after July 2001. The parties submitted additional medical evidence and briefed the issue, and the Full Commission entered a second Opinion and Award on February 8, 2006. The February 2006 Opinion and Award ruled that plaintiff did not sustain a brain injury and that he was not disabled after July 2001. The February 2006 Opinion and Award further awarded plaintiff $2,520.00 for the permanent injury to plaintiff's six teeth resulting from the compensable July 18, 1997 injury by accident.
7. Plaintiff appealed the February 2006 Full Commission Opinion and Award to the North Carolina Court of Appeals; however, his appeal was dismissed for noncompliance with the Rules of Appellate Procedure. As such, both decisions of the Full Commission are final and binding upon the parties. The terms of those decisions are incorporated by reference as if fully set forth herein.
8. Plaintiff has developed sleep apnea, which he attributes to his compensable injury. On January 30, 2002, plaintiff reported to Greenville Internal Medicine where he was treated by Leo E. Waivers, M.D. Plaintiff was referred to a sleep lab and an ophthalmologist. A sleep study was reportedly positive. Dr. Waivers then referred plaintiff to Eastern Nephrology Associates.
9. Plaintiff came under the care of Dr. Thomas W. DeBeck. Dr. DeBeck referred plaintiff for a sleep study. Subsequently, plaintiff was put on a CPAP, a device used to treat *Page 6 
sleep apnea by sending positive airway pressure at a constant, continuous pressure to help keep an open airway, allowing the patient to breathe normally through his/her nose and airway.
10. Plaintiff was eventually referred to Dr. Albernaz for a surgical evaluation. Dr. Albernaz recommended and performed septoplasty (an operation that corrects any defects or deformities of the nasal septum, which is the wall between the two nostrils) with Shaver's submucous resection of inferior turbinates (removing a small piece of cartilage from inside the long structures that extend from the front of the nose to the rear) as well as uvulopalatopharyngoplasty (a procedure that removes excess tissue in the throat to make the airway wider) with tonsillectomy (removal of the tonsils, which will allow for greater airflow), and hyoid suspension (an operation that advances the tongue base and epiglottis forward, thereby, opening the breathing passage and allowing greater air flow).
11. There is no evidence from Dr. Albernaz concluding that there was a relationship between plaintiff's injury and his sleep apnea or mandibular retrusion, or regarding any work restrictions or disability related thereto.
12. More recently, Timothy A. Turvey, DDS, saw Plaintiff in February 2005. On or about June 14, 2005, plaintiff underwent maxillary and mandibular advancement by Dr. Turvey.
13. While Dr. Turvey opined in response to a questionnaire proffered by plaintiff's former counsel that the July 18, 1997 injury by accident may have contributed to plaintiff's sleep apnea, he did not provide any testimony regarding how he determined that there was a relationship between the injury and plaintiff's sleep apnea or mandibular retrusion or whether plaintiff had any work restrictions or disability related thereto.
14. There is insufficient evidence to support a finding of any causal relationship between plaintiff's compensable injury and his sleep apnea and mandibular retrusion. *Page 7 
15. At the evidentiary hearing, plaintiff testified, and the undersigned find, that he is totally disabled from working due to his hypertension. The hypertension has been previously determined by the Commission to be unrelated to plaintiff's compensable injury. As such, plaintiff is not disabled from working due to his compensable injury. Notwithstanding the fact that plaintiff's hypertension has already been adjudicated and determined not to be compensable, plaintiff presented no additional testimony or evidence tending to show that his hypertension was caused by his July 18, 1997 injury by accident.
16. Plaintiff has not shown through competent evidence that he has suffered a change of condition or that he currently suffers any disability as a result of his July 18, 1997 injury by accident.
17. Plaintiff has not shown through competent evidence that he suffers any facial or head disfigurement due to the July 18, 1997 injury by accident.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of employment. Henry v. A.C.Lawrence Leather Co., 231 N.C. 477, 57 S.E.2d 760 (1950). In the case at hand, plaintiff has the burden of showing that his sleep apnea was caused by his July 18, 1997 accident. Click v. Freight Carriers,300 N.C. 164, 265 S.E.2d 389 (1980). Plaintiff has failed to carry the burden of proving by competent evidence that a causal relationship existed between the work-related accident and the disability for which compensation is sought. Id. *Page 8 
Furthermore, it has already been determined by a previous final award of the Commission that plaintiff's hypertension was not causally related to his injury by accident. Plaintiff has presented no grounds to justify a relitigation of this issue.
2. In order to establish a change of condition, plaintiff must show conditions different from those present at the time of the prior award. It is not sufficient to show "a continued capacity of the same kind and character and for the same injury." Grantham v. R.G. Barry Corp.,127 N.C.App. 529, 491 S.E.2d 678 (1997), cert. denied, 347 N.C. 671,500 S.E.2d 86 (1998). Edwards v. John Smith Sons, 49 N.C.App. 191,270 S.E.2d 569 (1980), disc. rev. denied, 301 N.C. 720, 274 S.E.2d 228
(1981). Plaintiff has not proved he experienced a change of condition. N.C. Gen. Stat. § 97-47.
4. Plaintiff has the burden of proving disability, defined as a loss of wage earning capacity. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993). In order to meet the burden of proving disability, plaintiff must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. Apex Cabinet Co., 305 N.C. 593,290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that he is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that he is capable of some work, but that he has, after a reasonable effort, been unsuccessful in his efforts to obtain employment; (3) evidence that he is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that he has obtained other employment at wages less than his pre-injury wages. Demery v. Perdue Farms, Inc.,143 N.C. App. 259, 545 S.E.2d 485 (2001); *Page 9 Russell v. Lowes Product Distribution, supra. In the case at hand, plaintiff has failed to show that he is disabled as a result of his July 18, 1997 injury by accident. Russell v. Lowes Product Distribution,supra.
5. Plaintiff was previously awarded compensation for the permanent injury to his six teeth under N.C. Gen. Stat. § 97-31(24). Plaintiff is not entitled to compensation under N.C. Gen. Stat. § 97-31(21).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for additional benefits must under the law be, and is hereby, DENIED.
2. Each party shall pay its costs.
This the 24th day of July, 2008.
 S/_______________
 DIANNE C. SELLERS
 COMMISSIONER
CONCURRING:
 S/_______________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DANNY LEE McDONALD COMMISSIONER