STATE OF NORTH CAROLINA v. EUNICE EVANGELINE BOYD

No. 7325SC828

(Filed 9 January 1974)

1. Constitutional Law § 30— speedy trial

Defendant was not denied her right to a speedy trial by her trial on 10 June 1973 after her arrest on 18 June 1972 and her indictment in October 1972 where the case was not reached at one term because of a heavy docket and was deferred at another term because of the unavailability of an essential witness who was taking a three months FBI course, defendant was not in custody and there was no showing that defendant was prejudiced by the delay.

2. Criminal Law § 15— motion for change of venue — pretrial publicity

The trial court in a prosecution for sale of marijuana did not err in the denial of defendant's motion for change of venue made on the ground of unfavorable publicity.

3. Criminal Law § 91— motion for continuance — other narcotics cases tried at same term

In a prosecution for sale of narcotics, the trial court did not abuse its discretion in the denial of defendant's motion for continuance because other narcotics cases were being tried at the same term.

APPEAL by defendant from *Falls, Judge,* 9 July 1973 Session of Superior Court held in CALDWELL County.

Defendant was charged with the sale of marijuana. She pleaded not guilty.

Prior to trial defendant made these motions:

1. For dismissal because she was denied a speedy trial.

2. For change of venue.

3. For continuance because other narcotics cases were being tried at the same term.

All motions were denied.

The State's evidence indicated that Hugh Nelson, an undercover agent for the State, purchased a bag of marijuana from the defendant on 14 June 1972 at the Union 76 Service Station located at the corner of Willow Street and West Avenue in Lenoir, North Carolina.

Defendant claimed an alibi and offered evidence that she was in Charlotte at the time of the sale.

The jury returned a verdict of guilty and from a prison sentence based thereon, defendant has appealed.

*Attorney General Morgan, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Carpenter and Bost, by John F. Bost III, for defendant appellant.*

BALEY, Judge.

Defendant assigns as error the denial of her motions for dismissal for failure to grant her a speedy trial, for change of venue, and for a continuance. None of these assignments of error have any merit.

[1] The defendant was arrested 18 June 1972, indicted at October Term, 1972, and tried 10 June 1973. The case was not reached at one term because of the heavy docket and deferred at another term because of the unavailability of an essential witness who was taking a three months course at the Federal Bureau of Investigation in Washington, D. C. The defendant was not in custody, and there is no showing that she has been prejudiced in any respect by the delay in trial. *State v. Brown*, 282 N.C. 117, 191 S.E. 2d 659; *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779.

[2] Motions for change of venue on the ground of unfavorable publicity are addressed to the discretion of the trial judge and will not be disturbed on appeal unless a manifest abuse of such discretion is shown. *State v. Mitchell*, 283 N.C. 462, 465, 196 S.E. 2d 736, 738. Here there is nothing in the record to indicate that the jury as chosen was aware of any adverse publicity or had been influenced in any manner by such publicity.

[3] The ruling of the trial court upon a motion for continuance is not subject to review in the absence of an abuse of discretion. *State v. Robinson*, 283 N.C. 71, 194 S.E. 2d 811. Not only must there be a showing of such abuse of discretion, but the defendant must have been prejudiced thereby. In this case the record fails to show that any juror had heard any testimony in any prior narcotics cases at the same term which would have unduly influenced his judgment in the defendant's case, and no prejudice to defendant has been shown by denial of her motion for continuance.

The plastic bag of marijuana after proper identification is clearly admissible in evidence, and the defendant's objection to its admissibility was properly overruled. 1 Stansbury, N. C. Evidence (Brandis rev.), § 118, pp. 355-8.

In defendant's trial and the judgment imposed, we find no error.

No error.

Judges CAMPBELL and HEDRICK concur.