STATE OF NORTH CAROLINA v. JAMES MARION ERVIN

No. 7526SC272

(Filed 18 June 1975)

1. Criminal Law § 66— identification of defendant — observation at crime scene as basis

   A witness's in-court identification of defendant as one of the people who robbed him at gunpoint was based on his observation at the crime scene and not on his observation a week after the crime of two men in a room at the police station.

2. Criminal Law § 119— alibi instruction — oral request not timely made — denial proper

   The trial court did not err in failing to instruct on alibi though requested to do so by defendant where defendant's request was oral and was made after the court had completed its charge. G.S. 1-181.

APPEAL by defendant from *Baley, Judge.* Judgment entered 9 January 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 29 May 1975.

Defendant was indicted for the armed robbery of Hugh Ackerman Pressgrove on 5 September 1974. He plead not guilty, the jury returned a verdict of guilty as charged, and from judgment imposing a maximum prison sentence of 15 years as a youthful offender, he appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*James M. Shannonhouse, Jr., for the defendant appellant.*

BRITT, Judge.

[1] Defendant contends in his first assignment of error that the court erred in allowing Pressgrove to identify him at trial for the reason that the lineup procedures employed were impermissibly suggestive. We find no merit in the assignment.

The testimony of Pressgrove, on voir dire, was to the following effect: On the day in question Pressgrove was an employee of the City of Charlotte, working as a water department serviceman. At the time of the alleged robbery, around 1:30 p.m., he was parked and was sitting in his truck. Defendant and another individual came up to Pressgrove and asked about a job. After talking for three to four minutes they left and stopped about 150 feet from the truck that Pressgrove was sitting in. They were joined at that point by two other persons. One of the group separated from the other three who advanced toward the truck. The individual that had left the group circled around the truck, opened the door on the right and pointed a sawed-off shotgun at Pressgrove. At the same moment, defendant opened the door on the left, tried to push Pressgrove's face into the sterring wheel, and took his money and watch. One of the persons that robbed him (later identified as defendant) was a black male in his late teens; he had short uncombed hair, not cut in an Afro style; and he was wearing a cream colored T-shirt and faded-out blue jeans. One distinguishing feature was a chipped tooth. It was daylight and the weather was fair.

About a week later, Pressgrove was called to the police station to observe an individual. Pressgrove entered a room with a two-way glass and two persons were in an adjoining room. Pressgrove identified both of them as the people that had robbed him. Pressgrove stated: "There was no doubt that the two individuals in that room were the individuals who had robbed me on Thursday, September 5, 1974." Pressgrove picked out the one that he thought had the chipped tooth; after they were taken from the room, Pressgrove asked that the one that he had selected return to the room and grit his teeth. The individual did so, revealing a chipped tooth. "That was the clincher. I am sure of my identification."

Following the voir dire, the court found and held as follows:

From the foregoing evidence, the Court concludes as a matter of law that there was ample opportunity on the part of the prosecuting witness Pressgrove to observe the defendant Ervin; (1) that there is nothing to indicate any suggestion by any person which would color the identification of the defendant; (2) that there were no illegal identification procedures involving the defendant which were unduly suggestive or conducive to mistaken identification;

(3) that the in-court identification of the defendant is of independent origin, based solely on what the prosecuting witness saw at the time of the crime and does not result from any out of court confrontation or from any procedure exercised by the police officers.

It is therefore ordered that the identification of the defendant is competent evidence in the trial of this case. The prosecuting witness will be permitted to identify him before the jury.

We find no error in the trial judge's findings and conclusions. The prosecuting witness had ample opportunity to see defendant at the time of the robbery which occurred in the daytime, and defendant came within a few feet of the prosecuting witness. The subsequent pretrial confrontation at the police station was not impermissibly suggestive. Due to his prior independent confrontation, Pressgrove immediately identified both of the individuals as the robbers and then to "clinch" the identification of defendant, defendant gritted his teeth, revealing the chipped tooth.

We hold that the trial court's findings that the in-court identification was of independent origin and that the lineup was not impermissibly suggestive were supported by substantial evidence presented on voir dire, and is, therefore, conclusive on appeal. Pressgrove's testimony identifying the defendant was clear and unequivocal. *See Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed. 2d 401 (1972); *State v. Burns,* 287 N.C. 102, 214 S.E. 2d 56 (1975).

[2] Defendant contends in the other assignment of error brought forward in his brief that the court erred in not instructing on alibi when requested to do so by him. His request to the court to instruct on the law with respect to the defense of alibi was oral and was made after the court had completed its charge. The court denied the request. In *State v. Hunt,* 283 N.C. 617, 197 S.E. 2d 513 (1973), the court, reversing prior law, held that *absent a special request* a trial judge is not required to instruct on the defense of alibi. G.S. 1-181 requires that requests for special instructions must be submitted to the trial judge in writing, entitled in the cause, signed by counsel submitting them, and submitted *before* the judge's charge to the jury is begun. Defendant's request failed to meet any of the requirements of G.S. 1-181, therefore, the assignment is

overruled. *State v. Spencer*, 225 N.C. 608, 35 S.E. 2d 887 (1945). *State v. Long*, 20 N.C. App. 91, 200 S.E. 2d 825 (1973).

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.