STATE OF NORTH CAROLINA v. RONALD F. JACKSON

No. 7620SC205

: (Filed 21 July 1976)

1. Witnesses § 10— out-of-state alibi witnesses — limitation

The trial court did not abuse its discretion in limiting its order for the production of out-of-state alibi witnesses to five witnesses where the court found as a fact that all eleven witnesses desired by defendant would testify to substantially the same thing and the credibility of the five witnesses was not attacked by the State.

2. Criminal Law § 15; Jury § 2— change of venue — special venire — pretrial publicity

The trial court did not err in the denial of defendant's motion for a change of venue or for a special venire on the ground of local prejudice because of pretrial publicity. G.S. 15A-957.

3. Criminal Law § 40— deceased witness — testimony at former trial

The trial court in a third trial of defendant for armed robbery properly admitted the transcript of the victim's testimony at a previous trial where the victim had died and defendant was present and represented by counsel at the previous trial, notwithstanding an additional charge of armed robbery of a second victim was consolidated for trial with the original charge at the third trial.

4. Criminal Law §§ 66, 178— identification testimony — law of the case

Supreme Court determination upon appeal after defendant's second trial for armed robbery that the victim's identification of defendant was admissible in evidence became the law of the case at defendant's third trial upon the same charge where the evidence relating to identification was the same at both of those trials.

5. Criminal Law § 119— requests for instructions — form and time

The trial court properly refused to give a special instruction requested by defendant where the request was not in writing and was not made before the court's charge to the jury was begun. G.S. 1-181.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 22 October 1975, Superior Court, UNION County. Heard in the Court of Appeals 9 June 1976.

Defendant was charged in 1973 with the armed robbery of Bill Squires. In the first trial defendant appealed from a guilty verdict. This Court in 19 N.C. App. 370, 199 S.E. 2d 32 (1973), granted defendant a new trial. Once again, in the second trial, defendant was found guilty and on appeal this Court (24 N.C. App. 394, 210 S.E. 2d 876 (1975)), found no error. On appeal to the North Carolina Supreme Court (287 N.C. 470, 215 S.E.

2d 123 (1975)), that court ordered a new trial. In the third trial, a charge of armed robbery of William Larry Catledge was added to the Squires' charge and both charges were consolidated for this third trial. The facts of this case have been exhaustively set forth in the prior opinions of this Court and the Supreme Court. Briefly summarized they are that defendant and another man robbed Squires' store; that defendant had a gun and demanded money; that Catledge was also present in the store and the two men robbed him also; that the defendant and accomplice left in a green Chevrolet truck with South Carolina license plates.

Defendant's evidence tends to show by way of alibi that he was in Bennettsville, South Carolina, at the time of the robbery. Additional facts pertinent to the case will be handled in the opinion.

From a verdict of guilty and sentence to prison, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Ralf F. Haskell for the State.*

*James E. Griffin and Charles D. Humphries for defendant appellant.*

CLARK, Judge.

**[1]**   Defendant assigns as error the trial court's order for the production of out-of-state witnesses where the defendant was not allowed to compel attendance of witnesses in addition to five alibi witnesses from Bennettsville, South Carolina. Defendant concedes that a trial court should limit the attendance and compulsion of witnesses when they reach a cumulative state and become repetitious, but he contends that the witnesses that he wanted to call were more credible than the ones which he actually called. The record on appeal discloses that the credibility of defendant's five out-of-state alibi witnesses was not attacked by the State, and further there was no proof by defendant that the testimony of these additional witnesses would be other than cumulative. In limiting the number of witnesses the trial judge found as a fact that all eleven witnesses would testify to substantially the same thing.

We reiterate the ruling of this Court that a trial judge may limit the number of witnesses when the testimony becomes

cumulative. See *State v. Jackson,* 19 N.C. App. 370, 199 S.E. 2d 32 (1973). Defendant has failed to show abuse of the trial judge's discretion in this matter, and this assignment of error is overruled.

**[2]**   Defendant next assigns error in the denial of his motion for a change of venue or for a special venire. Much of the basis for this argument rests in newspaper articles printed prior to this third trial. This same question was raised in defendant's appeal to the North Carolina Supreme Court following the second trial, and the court found that there was no prejudicial publicity and in fact that the publicity generally favored the defendant. *State v. Jackson,* 287 N.C. 470, 215 S.E. 2d 123 (1975). The only additional items of publicity relied on by defendant was a newspaper article and a "spot" on a television news broadcast both appearing in June 1975.

The evidence offered by defendant in the voir dire hearing tended to show that the newspaper article of June 1975 appearing in a Union County newspaper was confined primarily to a history of prior proceedings, and that the "spot" newscast from a Charlotte television station, also in June 1975, was critical of law enforcement officers in Union County for their handling of the case. The trial court found that defendant had failed to show that defendant was prejudiced by this publicity and denied the motion for change of venue.

A motion for change of venue or for a special venire on the grounds of local prejudice because of pretrial publicity is addressed to the sole discretion of the trial judge and a manifest abuse of discretion must be shown before there is any error. *State v. Boyd,* 20 N.C. App. 475, 201 S.E. 2d 512 (1974). Under the Criminal Procedure Act, effective 1 September 1975, G.S. 15A-957, the trial court is required to order a change of venue or special venire if "the court determines that there exists in the county in which the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial." The trial court did not make such determination, and since defendant has failed to show abuse of discretion, this assignment of error is overruled.

**[3]**   Defendant next assigns error to the allowance of the reading of the testimony of Bill Squires which had been given at a previous trial. Testimony of a witness at a former trial is admissible if the following conditions are satisfied.

1. Witness must be unavailable to testify. (Squires is dead.)

2. The former trial must have been of the same cause, or a preliminary stage of the same cause, or the trial of another cause involving the issue and subject matter to which his testimony is directed at the current trial.

3. Defendant must have been present and represented by counsel at the former trial. (He was.) See 1 Stansbury, N. C. Evidence 2d (Brandis Rev. 1973), § 145.

The fact that the additional charge of armed robbery of Larry Catledge was consolidated for trial with the charge of armed robbery of Bill Squires does not render the transcript of the testimony inadmissible. Both charges arose out of the same occurrence, and Catledge testified for the State at both this trial and in the former trial and in both trials was cross-examined by counsel for defendant. We find no error in the admission of the transcript of Bill Squires' testimony in the prior trial.

[4] Defendant further assigns as error the failure of the trial court to make findings of fact on *voir dire* in this trial regarding the previous identification of defendant by Bill Squires and thereupon holding that the Supreme Court's prior decision on the matter was *res judicata*. Technically, *res judicata* is not the proper doctrine on which to base the decision. "Law of the case" is the applicable doctrine in this situation where an issue has been decided at a previous trial of the same cause, the decision appealed, the particular issue affirmed by the appellate court, but the cause is for another reason remanded for a new trial. If the issue has been decided by the appellate court, the trial court upon retrial is bound by that decision, the "law of the case." If the evidence relating to identification is *substantially* the same as that at the previous trial, then "law of the case" applies. *State v. Wright*, 275 N.C. 242, 166 S.E. 2d 681 (1969). The Supreme Court having ruled on appeal after the second trial (287 N.C. 470, 215 S.E. 2d 123 (1975)), that the finding of the trial judge was based upon competent evidence and the evidence in this trial being the same, the law of the case applies to this trial. This assignment of error is without merit.

[5] In his remaining assignment of error, other assignments having been abandoned, defendant attacks the failure of the

trial court to give his requested instruction limiting the transcribed testimony of Bill Squires to the charge of armed robbery of Squires and not to the charge of armed robbery of Catledge. It appears that defendant requested no limiting instructions when the Squires transcript of testimony was admitted in evidence; that the requested instruction was not in writing and was orally made at the conclusion of the charge but before the court directed the jury to retire; that at the former trial involving the same occurrence defendant had the opportunity to and did cross-examine the witness Squires at the former trial; and that defendant relied on alibi as his defense.

G.S. 1-181 requires that requests for special instructions be submitted in writing and submitted before the judge's charge to the jury is begun. See *State v. Ervin,* 26 N.C. App. 328, 215 S.E. 2d 845 (1975). The trial court properly refused to give the requested instructions. Further, we find no prejudicial error in failing to limit the transcribed testimony.

No error.

Judges VAUGHN and MARTIN concur.