FRANCES GRANTHAM, Employee, Plaintiff-Appellee v. R. G. BARRY CORPORATION, Employer, TRANSPORTATION INSURANCE CO., Carrier, Defendant-Appellants

No. COA96-1353

(Filed 21 October 1997)

1. **Workers' Compensation § 420 (NCI4th)— occupational disease—change of condition—original award not law of case**

The findings and conclusions rendered in the original workers' compensation opinion and award were not binding on the Industrial Commission as the law of the case on petitioner's claim for additional benefits due to a change of condition where the deputy commissioner in the original opinion ultimately concluded that plaintiff suffered from an occupational disease. The law of the case doctrine therefore does not preclude a finding of a change in condition and, when determining whether a change in condition exists, the Industrial Commission is not bound by prior orders. N.C.G.S. § 97-47.

GRANTHAM v. R. G. BARRY CORP.

[127 N.C. App. 529 (1997)]

**2. Workers' Compensation § 427 (NCI4th)— change of condition—increased benefits—evidence sufficient**

There was ample competent evidence to support the Industrial Commission's determination that plaintiff suffered a change of condition pursuant to N.C.G.S. § 97-47 where plaintiff was awarded benefits for an occupational disease following a hearing in 1991; she claimed additional benefits at a hearing in 1994 for a change of condition; her doctor's treatment of her condition began in 1989 and continued through the first hearing in 1991 and the second hearing in 1994; the doctor testified by deposition that plaintiff's condition deteriorated significantly following the 1991 hearing and that her pulmonary function tests "were abnormal and worse than previously"; that her symptoms also worsened, including increased coughing, wheezing, and shortness of breath to the point that she was uncomfortable with the activities of daily living and that minor respiratory infections represented a severe threat to her health and well-being; and that she was totally disabled from gainful employment, that her condition would most likely worsen, and that asthma, a congenital aortic valve, and being a former smoker were minor factors. The doctor revised his opinion based on his treatment of plaintiff after the 1991 award.

Appeal by defendants from order entered 27 June 1996 by the North Carolina Industrial Commission. Heard in the Court of Appeals 21 August 1997.

*Mast, Schulz, Mast, Mills & Stem, P.A., by Bradley N. Schulz and Christi C. Stem, for plaintiff-appellee.*

*Young Moore and Henderson P.A., by J. D. Prather and Dawn M. Dillon, for defendant-appellants.*

MARTIN, Mark D., Judge.

Defendants R. G. Barry Corporation (Barry) and Transportation Insurance Company appeal from opinion and award of the North Carolina Industrial Commission (Commission) awarding plaintiff permanent and total disability benefits.

This is the second appeal arising out of the present case. Accordingly, we adopt the factual recitation from our previous opinion, *Grantham v. R. G. Barry Corp.*, 115 N.C. App. 293, 444 S.E.2d

GRANTHAM v. R. G. BARRY CORP.

[127 N.C. App. 529 (1997)]

659 (1994) (hereinafter *Grantham I*), and update the relevant facts as follows.

Plaintiff worked for Barry from 1969 until 1989 in various positions manufacturing bedroom slippers. While employed by Barry, plaintiff was exposed to dust, mold, and certain chemical substances which caused plaintiff to experience allergic reactions.

On 27 April 1989, during an examination by Dr. William Yount, plaintiff complained of dizziness, sneezing, itching, and headaches. Dr. Yount opined plaintiff's symptoms were caused in part by her exposure to certain chemicals at Barry. In addition, Dr. Yount performed allergy tests and ultimately diagnosed plaintiff as suffering from, among other things, allergic rhinitis, asthma, and chronic obstructive pulmonary disease. In 1990 plaintiff filed I.C. Form 18, Notice of Accident, claiming permanent and total disability due to an occupational disease.

The deputy commissioner, in a 29 July 1991 opinion and award, found plaintiff reacted to chemicals present in the workplace and experienced allergic rhinitis, asthma, and chronic obstructive pulmonary disease. Although the deputy commissioner found that "none of [plaintiff's illnesses] was caused by plaintiff's employment," the deputy commissioner maintained "[p]laintiff's employment with defendant-employer increased her risk of suffering from the illnesses" and "aggravated her condition." Finally, the deputy commissioner denied plaintiff's claim for permanent and total disability but concluded:

1. Plaintiff suffers from an occupational disease within the meaning of G.S. § 97-53(13), inasmuch as her employment with [Barry] placed her at an increased risk of developing her illnesses and significantly aggravated her illnesses.

2. As a result of her occupational disease, plaintiff was temporarily and totally disabled from 4 May 1989 to 5 June 1989. G.S. § 97-29.

The deputy commissioner's opinion and award was affirmed by the Full Commission and this Court. *Grantham I*, 115 N.C. App. at 302, 444 S.E.2d at 664.

On 29 June 1994 plaintiff filed I.C. Form 33, Request for Hearing, claiming additional disability benefits beginning 1 March 1993 due to a change of condition pursuant to N.C. Gen. Stat. § 97-47. Following

the hearing on 29 September 1994, the parties deposed Dr. Yount and submitted his deposition to the deputy commissioner.

In an opinion and award filed 9 August 1995, the deputy commissioner denied plaintiff's claim on the ground she had not suffered a change in condition within the meaning of section 97-47. Subsequently, plaintiff appealed to the Full Commission, which, by opinion and award filed 27 June 1996, reversed the deputy commissioner's order, concluded plaintiff had suffered a change of condition, and awarded plaintiff total and permanent disability benefits beginning 1 March 1993 and continuing for the remainder of plaintiff's life.

On appeal, defendants contend the Full Commission erred by (1) failing to apply the previous opinion and award filed 29 July 1991 as the binding law of the case, and (2) finding plaintiff suffered a change of condition affecting her physical capacity to earn wages without sufficient competent evidence in the record.

I.

[1] Defendants first contend the findings of fact and conclusions of law rendered in the deputy commissioner's 29 July 1991 opinion and award were binding on the Commission as the law of the case.

When an issue has been decided and affirmed by the appellate court but the cause is heard again for another reason at the trial level, the law of the case doctrine applies. *State v. Jackson*, 30 N.C. App. 187, 190, 226 S.E.2d 543, 545 (1976). Specifically, under this doctrine, "the trial court upon retrial is bound by [the prior] decision . . . ." *Id.*

Although, in *Grantham I*, the deputy commissioner, perhaps somewhat ambiguously, stated plaintiff's illnesses were not caused by her employment, she nonetheless found that plaintiff's employment with defendant placed her at "an increased risk of suffering from the illnesses" and that "her problems were clearly aggravated by the chemical exposures which she experienced in her employment." Based on the findings of fact, the deputy commissioner ultimately concluded, in her conclusions of law, that "plaintiff suffer[ed] from an occupational disease within the meaning of G.S. § 97-53(13)."

Therefore, the law of the case doctrine does not preclude a finding of a change in condition since the deputy commissioner, in

*Grantham I*, ultimately concluded that plaintiff suffered from an occupational disease. As a result, the Commission's consideration of plaintiff's alleged change in circumstances was appropriate.

In determining whether a change in conditions exists, the Industrial Commission may

> [u]pon its own motion or upon the application of any party in interest on the grounds of a change in condition . . . review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Article, and shall immediately send to the parties a copy of the award.

N.C. Gen. Stat. § 97-47 (1991).

"A change of condition 'refers to conditions different from those' in existence when an award was originally made . . . ." *Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 149, 468 S.E.2d 269, 274 (1996) (quoting *Sawyer v. Ferebee & Son, Inc.*, 78 N.C. App. 212, 213, 336 S.E.2d 643, 644 (1985), *disc. review denied*, 315 N.C. 590, 341 S.E.2d 29 (1986)). Under section 97-47 the Commission is not bound by prior orders when considering an alleged change of condition. Rather, the Commission may make new findings based on the additional evidence presented. *See Hubbard v. Burlington Industries*, 76 N.C. App. 313, 316, 332 S.E.2d 746, 748 (1985). For instance, "[w]hen the Industrial Commission finds on one occasion that a person is permanently partially disabled and on a later occasion finds based on additional evidence that the person is totally disabled this supports a finding of a change in condition." *Id. See also West v. Stevens Co.*, 12 N.C. App. 456, 461, 183 S.E.2d 876, 879 (1971).

In the present case, plaintiff, pursuant to N.C. Gen. Stat. § 97-47, requested the Industrial Commission to review her change in condition. After the parties deposed Dr. Yount on 7 November 1994, the Industrial Commission considered the additional evidence and found plaintiff had suffered a change in condition. Accordingly, the Commission's decision was proper and defendants' contention is without merit.

II.

[2] Defendants next contend the Full Commission erred by finding plaintiff suffered a change of condition affecting her physical

capacity to earn wages without sufficient competent evidence in the record.

"The findings of fact by the Industrial Commission are conclusive on appeal, if there is any competent evidence to support them, and even if there is evidence that would support contrary findings." *Richards v. Town of Valdese*, 92 N.C. App. 222, 225, 374 S.E.2d 116, 118 (1988), *disc. review denied*, 324 N.C. 337, 378 S.E.2d 799 (1989). Conclusions of law, including whether there has been a change of condition pursuant to section 97-47, are reviewable *de novo* by this Court. *See id.*; *Lewis*, 122 N.C. App. at 149, 468 S.E.2d at 274.

" '[I]n determining if a change of condition has occurred . . . the primary factor is a change in condition *affecting the employee's physical capacity to earn wages . . . .*' " *East v. Baby Diaper Services, Inc.*, 119 N.C. App. 147, 151, 457 S.E.2d 737, 740 (1995) (quoting *Lucas v. Bunn Manuf. Co.*, 90 N.C. App. 401, 404, 368 S.E.2d 386, 388 (1988)) (emphasis in original). "[T]he burden is on the party seeking the modification to prove the existence of the new condition and that it is causally related to the injury that is the basis of the award the party seeks to modify." *Blair v. American Television & Communications Corp.*, 124 N.C. App. 420, 423, 477 S.E.2d 190, 192 (1996). An employee satisfies this burden by producing medical evidence showing "he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment." *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993).

Dr. Yount's treatment of plaintiff's occupational disease began on 27 April 1989 and continued through the first hearing in 1991 and the second hearing in 1994. By deposition taken 7 November 1994, Dr. Yount testified that following the 1991 hearing, plaintiff's condition deteriorated significantly. Moreover, Dr. Yount stated plaintiff's pulmonary function tests "were abnormal and worse than previously." Plaintiff's symptoms also worsened, including increased coughing, wheezing, and, according to Dr. Yount, shortness of breath "to the point where she's uncomfortable with activities of daily living and that minor respiratory infections . . . represent a severe threat to [plaintiff's] health and well-being." Dr. Yount further testified plaintiff was totally disabled from gainful employment and her condition would most likely get worse, resulting in a permanent disability. Dr. Yount testified that although plaintiff had asthma, a mild congenital aortic insufficiency, and was a former cigarette smoker, "those are

probably minor factors in her impaired pulmonary function." Instead, Dr. Yount maintained plaintiff's exposure to chemicals at Barry was "the major contributor to her pulmonary problems." Defendants failed to proffer any evidence contradicting Dr. Yount's testimony.

As stated by our Supreme Court in *McLean v. Roadway Express*, 307 N.C. 99, 296 S.E.2d 456 (1982):

> A physician's change of opinion with respect to degree of permanent partial disability is not evidence of a change in condition within the meaning of N.C.G.S. 97-47 if it is based solely on his reconsidering the contents of the patient's medical record as of the date of his first opinion. If, however, the physician examines his patient subsequent to the date of his first opinion and in the interim the patient's physical condition has deteriorated, then a change of opinion with respect to the degree of permanent partial disability is evidence of a change in condition for purposes of N.C.G.S. 97-47.

*McLean*, 307 N.C. at 103, 296 S.E.2d at 459 (citations omitted). In the present case, Dr. Yount revised his opinion of plaintiff's condition based on his treatment of plaintiff after the 29 July 1991 opinion and award of Deputy Commissioner Nance.

Accordingly, there was ample competent evidence to support the Commission's determination that plaintiff suffered a change of condition pursuant to section 97-47. Furthermore, the Commission's findings adequately support its legal conclusions, *see Simon v. Triangle Materials, Inc.*, 106 N.C. App. 39, 41, 415 S.E.2d 105, 106, *disc. review denied*, 332 N.C. 347, 421 S.E.2d 154 (1992). Accordingly, defendants' contention fails.

Finally, after carefully reviewing defendants' remaining assignments of error, we conclude they are wholly without merit.

Affirmed.

Judges GREENE and WYNN concur.