Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence modifies and affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement admitted into evidence as Stipulated Exhibit #1, as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. On 1 April 1995, an employment relationship existed between plaintiff and defendant-employer.
3. Weyerhauser is the carrier on risk.
4. Plaintiffs average weekly wage on 1 April 1995 was $1,110.20, yielding the maximum compensation rate for 1995 of $478.00 per week.
5. On 1 April 1995, plaintiff sustained a compensable injury arising out of and in the course of his employment with defendant-employer.
6. The Full Commission Opinion and Award, filed 10 February 1997, with respect to plaintiffs 1 April 1995 injury, is admitted into evidence as Stipulated Exhibit #2.
7. The 1 July 1997 Order by Tracey Weaver is admitted into evidence as Stipulated Exhibit #3.
8. Plaintiffs Responses to Defendants First Set of Interrogatories and Request for Production of Documents are admitted into evidence as Stipulated Exhibit #4.
9. The Form 33, filed by defendants on 2 March 1998, is admitted into evidence as Stipulated Exhibit #5.
10. The Form 33R, filed by plaintiff on 5 March 1998, is admitted into evidence as Stipulated Exhibit #6.
11. Plaintiffs medicals regarding this claim are admitted into evidence as Stipulated Exhibit #7.
12. A millwright job description from defendant-employer is admitted into evidence as Stipulated Exhibit #8.
13. Stipulated Exhibit #9 consists of the following videos, and are admitted into evidence:
(a) Video dated 13 and 14 November 1997;
(b) Video dated 15 November 1997;
(c) Video dated between January and February 1998.
14. Plaintiffs 1995 tax returns are admitted into evidence as Stipulated Exhibit #10.
15. Plaintiffs 1996 tax returns are admitted into evidence as Stipulated Exhibit #11.
16. Plaintiffs 1997 tax returns are admitted into evidence as Stipulated Exhibit #12.
17. The Full Commission takes Judicial Notice of the transcript from the prior hearing of 14 December 1995, and the depositions that are a part of that record.
 ***********
Based upon all of the competent evidence adduced at the hearing, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On 1 April 1995, plaintiff sustained a compensable injury to his back arising out of and in the course of his employment with defendant-employer.
2. As a result of this compensable injury, plaintiff received temporary total disability from 7 April 1995 through 27 July 1995, in accordance with the Full Commission Opinion and Award filed on 10 February 1997.
3. The 10 February 1997 Full Commission Opinion and Award also awarded "temporary partial disability at the rate of $478.00 per week from 28 July 1995 and continuing for 300 weeks from 1 April 1995, less the number of weeks during which plaintiff received temporary total disability compensation, or until further Order of the Industrial Commission. The Full Commission 10 February 1997 Opinion and Award found as fact that plaintiff was working as a disc jockey earning $60.00 a week and that as a result, his wage earning capacity was diminished by $1,050.20 per week. Plaintiffs diminished wage earning capacity was determined by subtracting his current average weekly wage of $60.00 from the disc jockey job from his pre-injury average weekly wage of $1,110.20, yielding $1,050.20. This finding of fact established plaintiffs wage earning capacity at $60.00 per week. The Full Commission did not, as defendants contend, determine that plaintiffs wage earning capacity varied from week to week depending on his earnings.
4. Following issuance of the 10 February 1997 Full Commission Opinion and Award which was not appealed, defendants questioned whether they were to pay ? of the difference between actual earnings and plaintiffs former average weekly wage of $1,110.20, or the $478.00 they were ordered to pay under the 10 February 1997 Opinion and Award. Defendants unilaterally and without permission of the Commission, stopped paying benefits to plaintiff.
5. When defendants failed to pay partial disability benefits as ordered by the Full Commission, plaintiff filed a motion on 21 April 1997 for a 10% late penalty on compensation due. Defendants did not respond to plaintiffs motion and Tracey Weaver, the Executive Secretary of the Industrial Commission, issued an Order on 1 July 1997 ordering defendants to pay a 10% late payment penalty on all amounts of compensation that had not been paid within 14 days of the date such compensation became due. Defendants did not appeal from or file a Motion for Reconsideration of the administrative order of the Executive Secretary as allowed by Industrial Commission Rule 703.
6. Instead of complying with the Executive Secretary's Order and the previous Full Commission Opinion and Award, defendants filed a Form 33 Request for Hearing on 3 March 1998. Defendants statement of the reasons for the Request for Hearing were that "plaintiff will not respond to discovery and defendants are unable to determine the extent, if any, of wage earning limitations. Plaintiffs Form 33R response to the Form 33 Request for Hearing indicates plaintiff had previously provided the information requested in defendants interrogatories. Defendants did not file a motion to modify plaintiffs compensation due to a change of condition (increase in earning capacity), as allowed by N.C. Gen. Stat.97-47.
7. Defendants served interrogatories and request for production on 10 December 1997. Plaintiff responded to these interrogatories 5 March 1998. These interrogatories contained statements from plaintiffs subsequent employers concerning wages plaintiff earned, as well as plaintiffs sworn statements concerning these wages. Allowing three days for receipt of mail, defendants had the wage information sought through discovery by 8 March 1998, but still did not resume payment of partial disability.
8. Plaintiff worked as a parasail boat captain from 15 May 1997 through 13 September 1997 at an average weekly wage of $180.00 per week. Plaintiffs earnings of $180.00 per week still would entitled him to the maximum weekly compensation rate of $478.00 per week in partial disability compensation.
9. In September 1997 plaintiff and his wife moved to Florida where plaintiff became employed by Longboat Pass Parasail. Plaintiff earned $175.00 per week in this position from 22 September 1997 through 30 June 1998. These earnings would not have reduced defendants obligation to pay $478.00 per week in partial disability compensation.
10. On 1 July 1998 plaintiff took a job as a captain with another parasail company earning $350.00 per week. Plaintiff was employed in this position at the time of the hearing before Deputy Commissioner Stephenson. These earnings would not reduce defendants obligation to pay plaintiff partial disability at the rate of $478.00 per week, the maximum compensation rate for 1995.
11. The unappealed 10 February 1997 Opinion and Award of the Full Commission determined that plaintiffs wage earning capacity had been diminished as a result of his compensable injury on 1 April 1995. Plaintiff continues to have diminished wage earning capacity entitling him to partial disability compensation at the rate of $478.00 per week. Anne Brodeur, a physical therapist in Florida who conducted a functional capacity examination of plaintiff on 20 and 21 October 1998, concluded that plaintiff was capable of sedentary work. Plaintiffs previous job with defendant-employer as a millwright involved frequent lifting of 50 pounds, 100 pounds occasionally, and constant standing and walking, and frequent stooping, kneeling, pushing and pulling.
12. Defendants have not instituted any type of vocational training or job search for plaintiff. Plaintiff found his boat captain jobs on his own.
13. Plaintiff has not received any type of benefits from defendants since September 1997, and these did not include any partial disability benefits.
14. The Opinion and Award of the Full Commission filed on 10 February 1997, established plaintiffs earning capacity at $60.00 per week. Defendants are not entitled to unilaterally change the terms of an award. Defendants were obligated to file a motion to modify the terms of plaintiffs award due to an increase in wage earning capacity under N.C. Gen. Stat. 97-47, if they believed they were entitled to a reduction in the compensation rate payable to plaintiff.
15. The Deputy Commissioner found as a fact that defendants failure to comply with the 10 February 1997 Full Commission Opinion and Award and the Executive Secretarys July 1997 Order, and defendants subsequent litigation regarding whether plaintiff is disabled and to what extent, amounted to stubborn, unfounded litigiousness. Further, the Deputy Commissioner found that defendants failed to show conditions over which they had no control which prevented payment of plaintiffs partial disability within the statutory time period, and that defendants failed to provide any credible reason for not complying with the Commissions lawful Orders. The Full Commission hereby affirms these findings and conclusions of the Deputy Commissioner. Plaintiffs attorney is entitled to an attorneys fee to be paid by defendants for defendants stubborn unfounded litigiousness. Plaintiff is also entitled to a 10% penalty on each weekly payment of partial disability which was not timely paid within 14 days after it became due.
16. In the 17 February 1999 Opinion and Award, the Deputy Commissioner ordered plaintiffs counsel to submit an affidavit setting forth his services and an estimate of the time expended in the prosecution of this case since the issuance of the 10 February 1997 Full Commission Opinion and Award. Plaintiffs counsel has provided the Full Commission with a statement indicating that 56 hours have been so expended. The Full Commission finds that an attorneys fee of $4,000.00 is reasonable for plaintiffs counsel for the time spent in defending defendants claims.
17. Defendant-employers insurer appealed this case to the Full Commission. The Full Commission is affirming the Opinion and Award of the Deputy Commissioner directing defendants to continue to pay compensation. In the discretion of the Full Commission, plaintiffs attorney is awarded attorneys fees as a part of costs under N.C. Gen. Stat. 97-88 for defending this appeal to the Full Commission.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to partial disability compensation at the rate of $478.00 per week from 28 July 1995 and continuing for three hundred (300) weeks from 1 April 1995, less the number of weeks during which plaintiff received temporary total or partial disability benefits, or until further Order of the Industrial Commission. Plaintiffs wage earning capacity subsequent to 28 July 1995 did not reduce his compensation rate. N.C. Gen. Stat. 97-30.
2. When an injured employee is able to return to work, but due to a partial continuing incapacity, is unable to earn wages equal to those earned prior to the injury, the injured employee is entitled to payment by the employer of ? of the difference between his average weekly wages before the injury and the average weekly wages he is able to earn thereafter, but not more than the amount established annually by the Commission. N.C. Gen. Stat. 97-30. In 1995, the maximum amount of weekly compensation as established by the Commission was $478.00.
3. The Full Commission Opinion and Award filed 10 February 1997 established plaintiffs wage earning capacity at $60.00 per week. Upon its own motion or upon the application of either party, the Commission may review a previous award and may make a new award ending, diminishing, or increasing the amount of compensation previously awarded, subject to the maximum and minimum amounts established annually by the Commission. N.C. Gen. Stat. 97-47. In order to warrant a change in the previous award, it must be shown that there has been a change of condition of the claimants physical capacity to earn wages. Grantham v. R.G. Barry Corp.,127 N.C. App. 529, 491 S.E.2d 678 (1997), disc. review denied,347 N.C. 671, 500 S.E.2d 86 (1998).
4. Plaintiff is entitled to a 10% penalty on all partial disability benefits that have not been paid within 14 days after becoming due. N.C. Gen. Stat. 97-18(g).
5. Plaintiff is entitled to reasonable attorney fees in the amount of $4,000.00 pursuant to N.C. Gen. Stat. 97-88.1 for time and effort of plaintiffs counsel in the recovery of benefits awarded since the 10 February 1997 Full Commission Opinion and Award due to defendants stubborn and unfounded litigiousness. This amount is in addition to the previous attorney fees awarded in the 10 February 1997 Full Commission Opinion and Award and shall not be deducted from any benefits due plaintiff.
6. Plaintiff is entitled to have defendants pay attorneys fees in the amount of $1,200.00 for the costs of defending the appeal by defendants to the Full Commission. N.C. Gen. Stat. 97-88.
7. In accordance with the 10 February 1997 Full Commission Opinion and Award, plaintiff is entitled to the payment of all medical expenses incurred as a result of his 1 April 1995 compensable injury. N.C. Gen. Stat. 97-25; 97-25.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 AWARD
1. Defendants shall pay partial disability compensation at a rate of $478.00 per week from 28 July 1995 and continuing for 300 weeks from 1 April 1995, less the number of weeks during which plaintiff received temporary total or partial disability compensation, or until further Order of the Industrial Commission. To the extent that this amount has accrued, it shall be paid in a lump sum, subject to attorneys fees approved herein.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of his injury on 1 April 1995.
3. A reasonable attorneys fee of 25% of the compensation awarded plaintiff in Paragraph 1 of this AWARD is approved for plaintiffs counsel and shall be paid as follows: 25% of the lumps sums due plaintiff shall be deducted from those amounts and paid directly to plaintiffs attorney. Thereafter, plaintiffs attorney shall receive every fourth check. This is the same fee previously awarded in the 10 February 1997 Opinion and Award of the Full Commission.
4. Defendants shall pay to plaintiff a 10% penalty on all partial disability benefits which were not paid within 14 days after becoming due.
5. Defendants shall pay plaintiffs counsel an attorneys fee of $4,000.00 pursuant to N.C. Gen. Stat. 97-88.1 for time and effort of plaintiffs counsel spent in the recovery of benefits awarded since the 10 February 1997 Full Commission Opinion and Award. This amount is in addition to the previous attorney fees awarded in the 10 February 1997 Full Commission Opinion and Award and shall not be deducted from any benefits due plaintiff.
6. Defendants shall pay plaintiffs counsel an additional attorneys fee of $1,200.00 pursuant to N.C. Gen. Stat. 97-88 for time and effort of plaintiffs counsel spent in the defense of defendants appeal to the Full Commission from the 17 February 1999 Opinion and Award of the Deputy Commissioner. This amount is in addition to the previous attorney fees awarded in the 10 February 1997 Full Commission Opinion and Award and those awarded in Paragraph 5 above, and shall not be deducted from any benefits due plaintiff.
7. Pursuant to N.C. Gen. Stat. 97-86.2, defendants shall pay interest at the statutory rate of 8% from 14 December 1995, the date of hearing before Deputy Commissioner John A. Hedrick, until paid, on compensation ordered paid by the Full Commission Opinion and Award of 10 February 1997.
8. Defendants shall pay the costs.
This the ___ day of September, 2000.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER