An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-883
NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

CHARLEEN SUSIE VENABLE,

     Employee,

     Plaintiff,

  v.

LOWE'S HOME CENTERS, INC.,

     Employer,
and

SELF-INSURED (SEDGWICK CMS,
     Servicing Agent),

     Defendant.

From the North Carolina
Industrial Commission
IC No. X13603

Appeal by defendants from the Opinion and Award entered 30 April 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 8 January 2014.

> *Shankle Law Firm, PA, by Margaret "Maggie" Shankle, for plaintiff-appellee.*

> *Cranfill Sumner & Hartzog LLP, by Jaye E. Bingham-Hinch, and Brad P. Kline, for defendant-appellants.*

STEELMAN, Judge.

Where the Industrial Commission's findings of fact are supported by competent evidence and these findings in turn support its conclusions of law, the Opinion and Award of the Commission is affirmed.

## I. Factual and Procedural History

In October of 2010 plaintiff Charleen Susie Venable was fifty-six years old and had been employed by defendant Lowe's Home Centers, Inc., for about ten years. Between 2003 and 2010, she had been treated intermittently for joint and back pain and for anxiety and depression by her family physician, Dr. Melva Bowman. However, she had no medical history of cognitive impairment, speech impediments, or memory loss. On 1 October 2010, plaintiff sustained an injury when she fell off a ladder and struck her head on a steel beam. Plaintiff came to work the day after the fall, but was unable to perform her job duties due to the pain in her back and head. She left work and was seen at Richmond Memorial Hospital.

Defendant accepted plaintiff's back injury as a compensable injury and referred her to Dr. Kathleen Eaton for treatment. In October 2010 Plaintiff reported to Dr. Eaton that she had pain in her upper and lower back, headaches, light sensitivity, and nausea. At an appointment with Dr. Eaton on 3 December 2010, plaintiff reported daily headaches, stuttering, and memory

problems, which she related to her fall from the ladder. Plaintiff also told Dr. Eaton that she had fallen at home the day before her doctor's appointment. Dr. Eaton referred plaintiff for treatment by a neurologist. On 23 December 2010 plaintiff was seen by Dr. Bruce Solomon, a neurologist, at which time she was suffering from slurred and stuttered speech, headaches, difficulty finding the right words, and memory issues. Dr. Solomon recommended a neuropsychological examination of plaintiff to determine if there were psychological causes for her symptoms.

At defendant's request, plaintiff was also examined by Dr. Alexander Manning, who had a Ph.D. in psychology but is not a medical doctor. Dr. Manning did not review the results of MRI and CT scans administered to plaintiff and saw her only for the purpose of administering neuropsychological tests. Based on his testing, Dr. Manning identified several possible causes for plaintiff's symptoms, including dementia, multiple sclerosis, demyelinating disease, or somatoform disorder.

Dr. Hermanth Rao, an expert in neurology with a subspecialty in brain injuries, began treating plaintiff in March of 2011. He conducted a physical examination of plaintiff, reviewed the records of previous medical tests and other physicians, and took a history from plaintiff. Based upon his

examination, and his review of the MRI and CT scans, an EEG test, and a sleep study, Dr. Rao ruled out dementia, multiple sclerosis, demyelinating disease, and somatoform disorder as possible causes of plaintiff's symptoms. He treated plaintiff with a variety of medications and therapies throughout 2011, but she continued to suffer from headaches, memory loss, and speech problems. Dr. Rao concluded that she would benefit from participation in his clinic's brain injury program. In his deposition, Dr. Rao testified to a reasonable degree of medical certainty that plaintiff's symptoms were more likely than not caused by her fall at work on 1 October 2010.

On 24 February 2011, plaintiff filed an Industrial Commission Form 33 requesting a hearing and asserting that defendant denied the compensability of her head injury. In its response, defendant stated that plaintiff "did sustain a compensable injury by accident" but that "the extent of her injuries as related to the original work place accident are in dispute." The Full Commission reviewed the case on 7 March 2013. On 30 April 2013, the Commission filed an Opinion and Award ruling that based "upon the preponderance of the evidence from the entire record, Plaintiff sustained a compensable traumatic brain injury as a result of her accident at work on October 1, 2010," and awarding plaintiff medical and compensation benefits.

Defendants appeal.

## II. Standard of Review

"The standard of review in workers' compensation cases has been firmly established by the General Assembly and by numerous decisions of this Court. N.C.G.S. § 97-86 (2007). Under the Workers' Compensation Act, '[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.' Therefore, on appeal from an award of the Industrial Commission, review is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.'" *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citing *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 530 S.E.2d 549 (2000), quoting *Anderson v. Construction Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965), and citing *Adams v. AVX Corp.*, 349 N.C. 676, 681-82, 509 S.E.2d 411, 414 (1998), *rehearing denied*, 350 N.C. 108, 532 S.E.2d 522 (1999)). Thus, "[o]n appeals from the Industrial Commission, the Commission's findings of fact must be sustained if there is competent evidence in the record to support them. This is so even if there

is evidence which would support a contrary finding, because 'courts are not at liberty to reweigh the evidence and to set aside the findings of the Commission, simply because other inferences could have been drawn and different conclusions might have been reached.'" *Hill v. Hanes Corp.*, 319 N.C. 167, 172, 353 S.E.2d 392, 395 (1987) (citing *Lawrence v. Mill*, 265 N.C. 329, 144 S.E. 2d 3 (1965), and quoting *Rewis v. Insurance Co.*, 226 N.C. 325, 330, 38 S.E. 2d 97, 100 (1946)). Moreover, findings of fact that are not challenged are presumed to be supported by competent evidence and are binding on appeal. *Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118, *disc. review denied*, 357 N.C. 460, 585 S.E.2d 760 (2003). "The Commission's conclusions of law are reviewed *de novo*." *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004) (citing *Grantham v. R.G. Barry Corp.*, 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997), *disc. rev. denied*, 347 N.C. 671, 500 S.E.2d 86 (1998)).

## III. Full Commission's Findings of Fact

On appeal, defendants contend that the "Full Commission's findings of fact concerning whether plaintiff sustained a compensable traumatic brain injury as a result of her workplace accident on October 1, 2010, are not supported by the competent evidence of record[.]" We disagree.

Defendants specifically challenge the evidentiary support only for Findings Nos. 6, 7, 10, 11, 16, and 18-25. However, our review of the record reveals that each of these findings is supported by the record or by sworn testimony. Defendants do not dispute the existence of testimony that supports the Commission's findings. Rather, they direct our attention to inconsistencies in the evidence, and to other evidence that might have supported different findings. As discussed above, we will affirm the Commission's findings of fact if they are supported by competent evidence.

Defendants also argue that the Commission should not have relied upon the testimony of Dr. Rao, since "his opinion rested on the flawed *post hoc, ergo propter hoc* logic[.]" Defendants contend that Dr. Rao's opinion was based entirely on the fact that plaintiff's symptoms emerged only after her work-related fall. However, in his deposition, Dr. Rao testified that he examined plaintiff, reviewed the testing and medical records of other health care providers, and treated her with various medications and therapies over a period of months. We hold that Dr. Rao's opinion was based on more than the temporal relationship between plaintiff's fall and the onset of her symptoms, and that the Commission did not err by relying on his

testimony concerning the causal relationship between her accident and her symptoms.

Finally, defendants make a conclusory argument that the Commission's findings of fact do not support its conclusions of law. However, defendants fail to identify any specific examples of this contention, to cite any supporting authority, or to make any argument in support of their contention.

The thrust of defendants' arguments is that the Commission erred in its determinations as to the weight and credibility to assign the evidence presented. As discussed above, the Commission is the sole judge of credibility and of the weight to be given to the competent evidence. We hold that the Commission's findings of fact were supported by competent evidence in the record, and affirm the Opinion and Award of the Commission.

AFFIRMED.

Judges STEPHENS and DAVIS concur.

Report per Rule 30(e).